LEWIS DIXON, Appellant, v. BENJAMIN HALEY, Appellee.

APPEAL FROM BROWN.

Where the relation of parties is that of vendor and vendee, a proceeding for forcible detainer will not be sustained.

THIS cause was heard by WALKER, Judge, at April term, 1854, of the Brown Circuit Court.

J. S. BAILEY, for Appellant.

J. GRIMSHAW and C. L. HIGBEE, for Appellee.

TREAT, C. J.    This was a proceeding for a forcible detainer, commenced by Dixon against Haley. The complaint was as follows : " Lewis Dixon complains against Benjamin Haley, and on his oath says, that he, the said Lewis Dixon, is the owner of the following premises, situate in the said county, to wit: the south-west quarter of the south-east quarter of section fourteen, in township one north, of range three west ; that being in the actual possession of said premises, on the 22d day of February, 1852, he sold, by a verbal contract, the same to Benjamin Haley, which sale was upon the following conditions, to wit: that if the said Haley would, within one year from the date last mentioned, to wit: the 22d day of February, 1852, pay to the said Dixon the sum of sixty dollars, then the said Dixon would make him a deed to the said premises ; that the said Haley took possession of said premises as such conditional purchaser, and as such, occupied the premises until the expiration of the time for the payment of said purchase money, which time expired on the 22d day of February, 1853 ; that since the determination of the time upon which the said premises were so conditionally sold, he, the said complainant, made demand in writing for the possession thereof, which said demand was so made before the date hereof; that he, the said Lewis Dixon, is entitled to the possession of said premises, and that the said Benjamin Haley, willfully and without force, holds over and withholds the possession of said premises." The case was decided in favor of Haley, and Dixon appealed to the circuit court. That court sustained a motion to dismiss the proceeding, and Dixon prosecuted an appeal to this court.

The statute declares that, " If any person shall make any entry into any lands, tenements or other possessions, except in cases where entry is given by law, or shall make any such entry by force, or if any person shall willfully and without force, hold

10

over any lands, tenements or other possessions, after the determination of the time for which such lands, tenements or possessions were let to him, or to the persons under whom he claims, after demand made in writing for possession thereof, by the person entitled to such possession, such person shall be adjudged guilty of a forcible entry and detainer, or a forcible detainer, as the case may be." The present case is clearly not within this provision. The complaint fails to disclose a state of facts that entitles the plaintiff to this summary remedy, to recover the possession of the premises. The original entry was lawful, for it was made with the permission of the plaintiff. The premises were not demised to the defendant, and therefore there was no holding over after the expiration of the term. The relation of landlord and tenant did not exist between the parties. The true relation was that of vendor and vendee. The defendant acquired and retained the possession in the character of purchaser. There is no authority for holding that a vendor may regain possession in this summary proceeding, on the failure of the vendee to perform the contract. He cannot even maintain the action for use and occupation. *McNair* v. *Schwartz, ante,* 24. His remedy is by an action of ejectment. The court was right in dismissing the proceeding.

The judgment will be affirmed.

*Judgment affirmed.*