HENRY H. GAGE
*v.*
THE CITY OF CHICAGO.

*Opinion filed December 22, 1906—Rehearing denied Feb. 8, 1907.*

1. EVIDENCE—*alterations in instrument must be explained before its introduction.* Alterations of a material character in a written instrument must be satisfactorily explained before it can be admitted in evidence; but such explanation may appear from the face of the instrument itself or may be made by extrinsic evidence.

2. SAME—*when copy of ordinance bearing changes is properly admitted.* A copy of a special assessment ordinance, properly certified to be a true copy of the original, made upon a blank from which, apparently, the printed matter not corresponding with the original ordinance was stricken out and other provisions inserted with a pen and ink, making an ordinance harmonious throughout,

is properly admitted in evidence without extrinsic explanation of the changes.

3. SPECIAL ASSESSMENTS—*when ordinance sufficiently provides for excavating and filling.* A sewer ordinance which fixes the size of the sewer pipe, and the grade, below city datum, of the bottom of the inside of the sewer throughout its entire length, furnishes sufficient data for the engineer's estimate of amount required for excavating and filling.

4. SAME—*resolution for a sewer improvement need not provide for details.* The resolution for a sewer improvement need not enter into a detailed description thereof, such as providing for house-slants, man-holes, catch-basins, sewer connections, and man-hole and catch-basin covers; and the fact that the ordinance does make provision for such details does not constitute a substantial variance between the resolution and the ordinance.

5. SAME—*when the question of city's power to construct sewer cannot be raised.* The question of the power of the city of Chicago to construct a sewer by special assessment cannot be raised in the absence of proof in the record that the system of sewers of the sanitary district has been completed.

6. SAME—*when engineer's estimate does not include illegal item of cost.* An estimate of the cost of an improvement, "including labor, materials and all other expenses attending the same," the specific items of cost contained in the estimate being certain amounts for "granite combined curb and gutter, etc.," "paving, etc.," and "adjustment of sewers, etc.," there being no illegal item of cost specifically mentioned, cannot be said to include items of cost which are required to be paid by the city out of the general fund.

7. CONSTITUTIONAL LAW—*section 2 of article 2 of constitution construed.* Section 2 of article 2 of the constitution, relating to due process of law, secures to every one the right to have notice of any proceeding by which he may be deprived of his property, so that he may have an opportunity to defend against such proceeding.

8. SAME—*"due process of law" does not require personal notice of special assessment.* "Due process of law" does not necessarily require personal notice to the owner of property specially assessed for an improvement, and the legislature has power to provide for constructive notice which will afford to the property owner an opportunity to contest the validity of the assessment.

9. SAME—*Local Improvement act does not deprive a person of property without due process of law.* The various notices required by the Local Improvement act to be sent by mail to the person who paid taxes on the property for the last preceding year and by posting and publication satisfy the constitutional provision relative to "due process of law," and such act is not unconstitutional in that respect.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

F. W. BECKER, for appellant.

CHARLES H. MITCHELL, and FRANK JOHNSTON, Jr., (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application for the confirmation of a special assessment levied to pay the cost of constructing a sewer in Saginaw avenue, in the city of Chicago. The appellant appeared and filed objections to confirmation as to his property, which were overruled, and he has prosecuted an appeal to this court.

The first reason urged by the appellant as a ground for a reversal in this court is, that the trial court erred in admitting in evidence, over his objection, a certified copy of the improvement ordinance, upon the face of which, it is said, there appeared certain material erasures and interlineations, without requiring the appellee to explain said apparent alterations. The law indulges no presumption as to when a change in a written instrument was made, but requires the party offering an altered instrument in evidence, if the alteration is material, to explain such alteration satisfactorily to the court before the instrument will be admitted in evidence. Such explanation may satisfactorily appear from the instrument itself or it may be made by extrinsic evidence. (*Reed* v. *Kemp,* 16 Ill. 445; *Catlin Coal Co.* v. *Lloyd,* 180 id. 398; *Webster* v. *Yorty,* 194 id. 408; *Landt* v. *McCullough,* 206 id. 214.) The certified copy of the ordinance offered in evidence or the original ordinance is not before us, but the copy of the ordinance appearing in the record was made upon a printed blank, from which, apparently, the portions which did not correspond with the original ordinance

were stricken out and in lieu thereof the provisions of the ordinance substituted for the parts stricken out were written in with pen and ink. The blank, when thus changed, made the ordinance harmonious throughout while without such change it would not have been, and if the authorities above referred to apply with their full force to a certified copy of a record, we think the certified copy of the ordinance offered in evidence carried, upon its face, a full and complete explanation of said erasures and interlineations. The copy of the ordinance offered in evidence was certified by the city clerk to be a true copy of the original ordinance on file in his office. We think the court did not err in admitting the certified copy of the ordinance in evidence. *Merritt* v. *Boyden & Son*, 191 Ill. 136.

It is next urged that there are no provisions in the ordinance providing for excavating and filling, although the engineer's estimate of the cost of the improvement contains an item of $6270 for "rock excavation." The ordinance fixed the size of the sewer pipe and the grade of the bottom of the inside of the sewer throughout the length of the sewer below city datum, from which data the amount of excavating and filling can readily be ascertained, and this was all that was required in the ordinance. *McChesney* v. *City of Chicago,* 205 Ill. 611.

It is further urged that the city of Chicago is without authority, in law, to levy a special assessment to construct a sewer, as it is said such power is vested exclusively in the board of trustees of the Sanitary District of Chicago. There is no proof in this record that the system of sewers of the sanitary district has been completed. We are of the opinion, therefore, the question sought to be raised by the appellant cannot be raised upon this record.

It is also urged that there is a variance between the resolutions of the board of local improvements and the ordinance, in this: that the former fail to provide for house connection slants, man-holes, catch-basins, sewer connections and man-

hole and catch-basin covers, while the ordinance does make provision for house connection slants, man-holes, catch-basins, etc. It is not necessary that the resolutions of the board of local improvements enter into a detailed specification of the improvement proposed to be constructed. The object of the statute is attained if the improvement is so described in the resolutions of the board that the property owner can obtain therefrom a general understanding of what is to be done and an estimate of the cost thereof, while in an ordinance the improvement must be specified in detail, and must be described with such particularity that a contract can be intelligently let for its construction and an assessment legally levied with which to obtain funds to construct it. (*Gage* v. *City of Chicago,* 207 Ill. 56; *Lanphere* v. *City of Chicago,* 212 id. 440; *Jones* v. *City of Chicago,* 213 id. 92; *McLennan* v. *City of Chicago,* 218 id. 62.) We think there was no substantial or fatal variance between the first resolution of the board of local improvements and the improvement ordinance.

The objection is made that the Local Improvement act violates the constitution by not providing for notice to the owner of the property assessed, and therefore operates to deprive him of his property without due process of law, contrary to section 2 of article 2 of the constitution. The constitutional provision secures to every one the right to have notice of any proceeding by which he may be deprived of his property, so that he may have an opportunity to defend against such proceeding and protect his property rights. (*Campbell* v. *Campbell,* 63 Ill. 462; *Citizens' Savings Bank* v. *City of Chicago,* 215 id. 174; Cooley on Taxation, 266; 8 Cyc. 1108; 10 Am. & Eng. Ency. of Law,—2d ed.—299.) No special assessment against property to pay for a local improvement can be made a valid charge against such property unless notice is given to the owner and he is afforded an opportunity to be heard. But a judgment confirming such an assessment does not impose a personal liability, and

due process of law does not necessarily require personal notice to the owner of the property, and the legislature may provide. for constructive notice appropriate to the nature of the case, which will afford to the property owner the opportunity to contest the validity of the assessment. The Local Improvement act provides for notice of the time and place of the public hearing to be sent by mail to the person who paid the taxes on the property assessed for the last preceding year; also notice of the passage of the ordinance for the improvement to be sent by mail to the person who paid the taxes for the last preceding year and a like notice to the occupant of the premises; also a notice of the pendency of the proceeding for confirmation to be sent by mail to the person who paid the taxes during the last preceding year in which taxes were paid; and for a further notice, by posting the same and publication in a newspaper, giving notice of the proceeding to all persons interested and notifying them that they may file objections. These notices satisfy the requirements of the constitution, and afford to the owner of the property, and all persons interested in it, an opportunity to appear and contest the justice, legality and propriety of the proposed assessment. The same conclusion was reached in the case of *Citizens' Saving Bank* v. *City of Chicago, supra.*

The next objection is, that the estimate of cost made a part of the first resolution contained items of expense which are required to be paid for by the city out of the general fund. The engineer submitted an estimate of the cost of the improvement, "including labor, materials and all other expenses attending the same," and it is argued that this included the expense of making and levying the assessment, letting and executing contracts, court costs, and other things which property owners are not required to pay. The specific items of cost were contained in the estimate, and were, "granite concrete combined curb and gutter, etc., paving, etc., adjustment of sewers, etc.," with specific amounts set

·opposite each. No other objection· to this estimate except the one stated has been made, and it is not subject to that objection. No illegal item was specifically mentioned, and the "etc." following each item referred to other things of a like kind as ·those specifically named, so that it clearly appears the engineer did not include the illegal items in his estimate.

Finding no reversible error in this record, the judgment of the county court of Cook county will be affirmed.

*Judgment affirmed.*