**Newton J. Griffin, Administrator of the Estate of Christia Ann Kirkpatrick, Deceased, Plaintiff in Error, v. S. F. Hart, J. Otis Hart, M. J. Hart and Martha Hart, Defendants in Error.**

BILLS AND NOTES, § 74*—*what does not constitute material alteration of note.* Where the note offered in evidence in an action thereon purported to be No. 7 of a series of notes and to be due forty-two months after its date, but an erasure appeared at the place where the figures "42" occurred, and the testimony showed the note was the last of a series of seven notes which were to mature according to a contract under which one matured every six months, *held* that such erasure was not material and the court erred in refusing to admit such note in evidence.

Error to the Circuit Court of Saline county; the Hon., ALBERT W. LEWIS, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded with directions. Opinion filed November 13, 1916.

H. A. EVANS, for plaintiff in error.

WHITLEY & COMBE, for defendants in error; H. N. FINNEY, of counsel.

MR. JUSTICE McBRIDE delivered the opinion of the court.

This action was originally commenced before a justice of the peace upon the following note:
"$100.00                    February 22, 1910.
    "42 months after date we promise to pay to the or-

---

*See **Illinois Notes Digest**, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

der of A. M. Young, one hundred dollars at seven per cent. from date.   Value received.

S. F. Hart
J. Otis Hart
M. J. Hart
Martha Hart.

"(Indorsements on the back of note:)
        "A. M. Young, W. J. Kirkpatrick
        "Int. paid up to August 22, 1913."

After a hearing before the justice of the peace the cause was appealed to the Circuit Court of Saline county, Illinois, and there tried.   Upon the hearing in the Circuit Court the note was offered in evidence. The defendant objected to the introduction of the note because it appeared that an erasure or rubbing of the paper had been made at the place where the figures "42" were written.   The original note was certified to this court for inspection and it has the appearance of having been rubbed.   Upon the objection made by the defendant in error, the plaintiff in error then offered evidence showing that the note in question was the last of a series of seven notes of one hundred dollars each, all bearing date of February 22, 1910, and maturing one every six months, and again offered the note in evidence, but upon objections made by defendant the court refused to admit the note in evidence.   The plaintiff then rested his case and the court directed the jury to return a verdict for the defendant, which was done and judgment rendered against plaintiff for costs, to reverse which judgment this writ of error is prosecuted.

The plaintiff in error contends that the court erred in refusing to admit the note in evidence and in directing a verdict for the defendant.

The defendant did not file an affidavit denying the execution of the note but insists that the erasure appears upon its face to be a material one and for that reason it was the duty of the court as a matter of law

to exclude it from the consideration of the jury. Quite a number of authorities have been cited by counsel for plaintiff and defendant, the principal of which we have carefully examined and find that there is some conflict in the decisions of our court upon this question. In the case of *Reed v. Kemp,* 16 Ill. 445, in commenting upon alterations of an instrument offered in evidence, the court says: ''There is no presumption of law arising upon the face of an instrument from bare inspection of its appearance, whether it has been, and if so, when, altered from the true contract; such appearance may throw suspicion and distrust upon the instrument, but it is a question of fact and not of law. *Gillett v. Sweat,* 1 Gilm. 489. In *Walters v. Short,* 5 Gilm. 256, the court expresses dissatisfaction with a rule of presumption in favor of the alteration being made at the time of the execution of the instrument; but while they seem to incline to a contrary presumption, they lay down no rule on the subject as to a presumption in law at all, but seem to put it, as we think it should be, upon the matter of fact. The party producing such an instrument is called upon for explanations, and if he fail to give them, suspicion may become the conviction of fact in the mind of the court or jury, that such alterations, or appearances of alteration, were subsequent to the execution and delivery. Such a conclusion seems strangely preponderant in the mind of the court in that case. Still these explanations may, themselves, be found on the face of the paper.'' In the case of *Hodge v. Gilman,* 20 Ill. 437, the court says: ''It is, at least, the settled law of this court that such interlineations must be explained by the party claiming the benefit of the paper, the presumption of law being that the interlineations were made after the execution by the maker.'' Again, in the case of *Milliken v. Marlin,* 66 Ill. 13, the court in commenting upon the question of the alteration of an instrument says: ''As to the eleventh instruction, it was claimed that the

power of attorney which was in evidence showed that the description of the land was in a different ink and handwriting from that in the body of the instrument, and showed an alteration. If this was true, then it was a fact to be found by the jury, and authorized such an instruction, properly limited. It has been held that on the production of such an instrument, apparently altered, the law raises no presumption as to when the change was made, or by whom, but these questions must be determined by the jury. *Reed v. Kemp,* 16 Ill. 445, and the authorities there cited. And the jury, in determining the question, will look to the instrument itself for an explanation, as well as to all of the circumstances in evidence. If there was an apparent alteration in the power of attorney, it was for the jury to determine whether the alteration was made before or after its execution, and with or without the consent of the maker." Again, in the case of *Gage v. City of Chicago,* 225 Ill. 218, the court says: "The law indulges no presumption as to when a change in a written instrument was made, but requires the party offering an altered instrument in evidence, if the alteration is material, to explain such alteration satisfactorily to the court before the instrument will be admitted in evidence. Such explanation may satisfactorily appear from the instrument itself or it may be made by extrinsic evidence." And refers to the case of *Reed v. Kemp, supra,* and other cases in support of this doctrine. In the case at bar, the plaintiff introduced evidence showing that this was the last of a series of seven notes given in the purchase of a drug store; that they all bore date of February 22, 1910, and that under the contract as made and the papers as they were to be executed the notes were to mature every six months from that date, and this note, under the evidence, and as it appears from its face, being No. 7, would mature in forty-two months and on August 22, 1913. So that the date of maturity of the note as it now appears

thereon is in harmony with the contract of the parties and with the other notes that were given and with the date that this note No. 7 was to mature, so that this, of itself, would in our judgment be sufficient explanation of the apparent erasure, if material under the decision of the Supreme Court in the case of *Gage v. City of Chicago, supra.* When it is considered that the note as it now appears, making it due in forty-two months from the date, is in entire harmony with the contract of the parties, and the arrangement that was made for the maturity of the several notes, and this being the last of the series, and as it matures at the exact time that the parties understood it was to mature, we are of the opinion that the erasure complained of is not material as it does not in any manner change the time that the payment of the note was to be made.

We are of the opinion that after the explanations given by the testimony of the witnesses, in connection with the appearance of the note and of the transaction in which the note was executed, that the court erred in refusing to admit the note in evidence, and the judgment of the lower court is reversed and the cause remanded with directions to admit the note in question in evidence upon another trial of the case.

*Reversed and remanded with directions.*