(No. 12863.—Judgment affirmed.)

THE BAY BOTTOMS DRAINAGE DISTRICT, Defendant in Error, *vs.* ALENA STOKES *et al.* Plaintiffs in Error.

*Opinion filed December 17, 1919—Rehearing denied Feb. 4, 1920.*

1. DRAINAGE—*amendment of 1915 to section 37 of Levee act authorizes an assessment for obligations already incurred.* The amendment of 1915 to section 37 of the Levee act, providing for the levying of an assessment for the completion of work as originally planned, authorizes an assessment to pay for obligations already incurred.

2. SAME—*due process of law is complied with by public hearing before authorities in charge of assessment.* Due process of law does not necessarily mean that the property owner must have a hearing in court, but the constitutional provision for due process of law is complied with in a drainage proceeding if the property owner is allowed a hearing before the public authorities in charge of levying the assessment, even though no hearing is allowed before the courts.

3. SAME—*amendment of 1915 to section 37 of Levee act is not unconstitutional.* The amendment of 1915 to section 37 of the Levee act, authorizing the levying of an additional assessment for obligations already incurred by a drainage district, is not contrary to the provisions of the State and Federal constitutions as to due process of law.

WRIT OF ERROR to the County Court of Pope county; the Hon. B. F. ANDERSON, Judge, presiding.

CHARLES DURFEE, (W. S. HORTON, and C. E. FEIRICH, of counsel,) for plaintiffs in error.

JOHN W. BROWNING, and C. L. V. MULKEY, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding in the county court of Pope county in which the drainage commissioners of the defendant in error district filed a petition for an additional assessment of $31,000 against all the lands benefited in the drainage district. After the pleadings were settled a hearing was had in said court and the petition held sufficient, and the court entered an order authorizing the levy of an additional assessment to complete payment for work undertaken by said trustees. From that judgment this writ of error was sued out.

Under the original organization of this district the commissioners secured the levy of a special assessment upon the lands in the district amounting to $58,873 and made a bond issue of $48,000 based on said assessment. The money received from the sale of bonds and from such assessments as were paid directly by the property owners amounted to $59,366. The petition of the drainage commissioners in this case showed that this had all been spent and that an indebtedness had been created, amounting to $12,000, in the effort to complete the work as originally planned and commenced, and further showed that quite an amount of work as originally planned remained untouched or unfinished.

An amendment of 1915 to section 37 of the Levee act, under which this additional assessment was attempted to be levied, provides, among other things, for the levying of an assessment "to pay obligations incurred for the completion of any part of the work of said district as originally planned, contracted for, and already commenced within any drainage district." (Laws of 1915, p. 388.) It is argued earnestly by counsel for plaintiffs in error that this amendment of section 37 was not intended to authorize a supplemental or additional assessment to pay obligations already incurred

by the drainage district for the completion of work of the district as originally planned, and they further argue that if the amendment was intended to and does so authorize, it is unconstitutional. Counsel for defendant in error argue that the record before us clearly shows that the additional assessment was not levied to pay for obligations already incurred but for the purpose of completing the work and not for work already done, therefore there were no obligations already incurred in the proper understanding of that phrase, while counsel for plaintiffs in error argue to the contrary,— that it is plain from this record that this assessment was levied for the purpose of paying for obligations already incurred for work done or to be done. In view of the conclusion that we have reached with reference to the meaning and constitutionality of this statute we find it unnecessary to consider and decide as to the showing in this record on this disputed question. Beyond doubt, the amendment to the statute was intended to provide for assessments to pay for obligations already incurred. To construe this amendment otherwise would be practically to leave it without any meaning or purpose. This leaves for discussion the chief question raised by counsel for plaintiffs in error,—that the amendment, so construed, must be held unconstitutional.

Counsel rely for the support of their argument on the reasoning of this court in *Winkelmann* v. *Drainage District,* 170 Ill. 37, wherein it is held, in accordance with the present argument of counsel for plaintiffs in error, that under the statute then being construed an assessment could not be levied, under the Levee act, by drainage commissioners for obligations already incurred; that the commissioners have no power to create an indebtedness in advance and then levy an assessment for the purpose of meeting such indebtedness. Counsel also rely upon the numerous decisions of this court following the *Winkelmann* case where this doctrine has been approved, the latest being that of *People* v. *Marquardt,* 287 Ill. 132. A reading of all these authori-

ties will show that the question decided in all of these cases was not the constitutionality of the doctrine in question, but rather the question as to the drainage statute as then construed, authorizing the commissioners to create an indebtedness in advance and levy an assessment thereafter to pay for it.  All these decisions laying down this doctrine, except *People* v. *Marquardt, supra,* were rendered before the passage of the 1915 amendment, under which this assessment was levied, and the *Marquardt case* does not refer directly or indirectly to the constitutional question, and it is clear, therefore, that none of these decisions are controlling on the constitutionality of this statute.  The opinion in the *Marquardt case, supra,* and in the other cases that in any way refer to the constitutional question so far as it applies here, rely upon the constitutional provision with reference to levying drainage assessments,—that is, section 31 of article 4, which gives drainage trustees power to levy assessments to construct drains, ditches and levees by special assessment but provides that such assessments shall be levied upon the property benefited thereby.  This court has held that under this provision of the constitution the assessment could never be greater than the benefits.

It is true, as suggested by counsel for plaintiffs in error in their argument, that we have held that the Local Improvement act for levying special assessments to provide for local improvements in cities has provisions entirely different from the Drainage Assessment act, and therefore the reasoning of this court as to the proper construction of the Local Improvement act may not be controlling on the proper construction to be given to the Levee Drainage act. (*Drainage Comrs.* v. *Kinney,* 233 Ill. 67.)  But it is also true that the Local Improvement act with reference to supplemental assessments provides, substantially as does the amendment of 1915 to the Levee act here under consideration, for the levying of supplemental or additional assessments for obligations incurred and for work already done, and the rea-

soning of this court as to the unconstitutionality of the Local Improvement act as to such provisions as to supplemental assessments not being due process of law will be in point here as to answering the argument of counsel for plaintiffs in error that the provisions of the amendment of 1915, if followed, cannot be held due process of law.

Counsel for plaintiffs in error quote from *Gage* v. *City of Chicago,* 225 Ill. 218, (a decision with reference to the City Local Improvement act,) that due process of law requires that a property owner may not be deprived of his property without notice and opportunity to defend against such proceedings. Under former provisions of the Local Improvement act as construed by this court it was held that a supplemental assessment for completing the work could not be levied until after the work was completed. (*City of Chicago* v. *Noonan,* 210 Ill. 18; *Sheriffs* v. *City of Chicago,* 213 id. 620.) The reasoning in those cases fully answers the argument of counsel for plaintiffs in error here, that great abuses may arise if public authorities are permitted to incur obligations before the assessment is levied. The legislature has since amended the Local Improvement act so as to provide for the levying of supplemental assessments thereunder before the work is completed. *City of Chicago* v. *Max,* 289 Ill. 372.

Counsel for plaintiffs in error argue that if this provision is held constitutional, allowing obligations to be incurred before the assessment is levied, the property owners are practically prevented from a hearing on the improvement before the assessment is levied. This court said as to the same argument with reference to the City Local Improvement act in *City of Chicago* v. *Noonan, supra,* on page 24: "A sufficient answer to this contention would be that public officers are presumed to act fairly and honestly toward the public, and that until a case arises in which it is made to appear that they have done otherwise, the court cannot, in the construction of statutes, anticipate misconduct

or bad faith. But we do not think that the foregoing construction of the statute will necessarily result in depriving a property owner of any of his legal rights. When notified of the public hearing on the first recommendation of the board he is informed of the estimated cost of the improvement, and must be presumed himself to have some knowledge as to whether the estimate is a reasonably fair one. He is also chargeable with knowledge of the provisions of section 59 authorizing a deficiency assessment in case the first proves insufficient." Due process of law does not necessarily mean that the property owner must have a hearing in court. The provisions of the constitution as to due process of law may be complied with if the property owner is allowed a hearing before public authorities in charge of levying the assessment, even though no hearing is allowed before the courts. *People* v. *Omen,* 290 Ill. 59.

The reasoning of this court in construing an early drainage statute in *Morrell* v. *Union Drainage District,* 118 Ill. 139, also in the decision by this court as to the constitutionality of supplemental assessments under the City Local Improvement act in *City of Lincoln* v. *Harts,* 266 Ill. 405, and in the decision in *Worley* v. *Idleman,* 285 id. 214, as to the constitutionality of curative laws, is in point as to answering the argument of counsel for plaintiffs in error that this amendment is contrary to the provisions of the State and Federal constitutions as to due process of law.

The decisions already cited, we think, are conclusive on the proposition that the amendment of 1915 of the Levee act, authorizing the levying of this additional assessment for obligations already incurred by the drainage district, is not unconstitutional.

The judgment of the county court will therefore be affirmed.

                                    *Judgment affirmed.*