Bankers Life Company et al., Appellees, v. The Village of Elmwood Park and Urban V. Bedard, Appellants.

Gen. No. 38,043.

Heard in the first division of this court for the first district at the February term, 1935. Opinion filed June 17, 1935.

Myron E. Wisch, of Chicago, for appellants.

Markman, Donovan & Sullivan, of Chicago, for appellees; Henry O. Nickel, of Chicago, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiffs, as owners of special assessment bonds issued by defendant, the Village of Elmwood Park, and payable out of the sixth instalment of a special assessment levied by the Village, filed their petition for a writ of mandamus to compel defendants to pay from the moneys collected from the persons whose property was assessed interest on such special assessment bonds from the date of their mäturity until paid. A writ was issued as prayed for, and defendants appeal.

The record discloses that the Village of Elmwood Park levied a special assessment to defray the cost of

constructing a system of sewers in the village. It issued its bonds payable solely out of the special assessment when collected, some of which bonds are now owned by plaintiffs. The bonds in question were dated June 30, 1927, and were payable on December 31, 1933. The moneys were not all collected when the bonds became due but apparently payments were made from time to time by the property owners until November, 1934.

Plaintiffs claim they should be paid interest on the bonds held by them respectively from December 31, 1933, to the date the bonds were paid, November, 1934.

Counsel for the Village in his brief says: "The sole question presented to this court for decision in the instant appeal is: 'Do bonds issued under the provisions of "An Act Concerning Local Improvements" which are not paid at maturity bear interest from the maturity date to the date said bonds are paid?'"

Section 42 of the Local Improvement Act, under which the special assessment was levied, expressly provides that where a special assessment is to be paid in instalments, "All installments shall bear interest as hereinafter provided until paid, at the rate of not to exceed six (6) per centum per annum. . . . In all cases it shall be the duty of the municipal collectors, as the case may be, whenever payment is made of any installment to collect interest thereon up to the date of such payment whether such payment be made at or after maturity." By section 86 of the act it is provided that, "For the purpose of anticipating the collection of the second and succeeding installments, . . . it shall be lawful for such city, village or town to issue bonds, payable out of said installment, bearing interest at a rate not more than six per centum per annum nor less than four per centum per annum payable annually . . . and shall be dated and draw interest from the date of the issuing of the same."

And counsel for the Village in his brief further says: "It is the contention of the Village that if the legislature intended that said bonds should draw interest subsequent to the date of maturity it would either have made some statement concerning the payment of interest subsequent to the date of maturity in the wording of the act, or it would have made some provision for the same in the form of the bond set up in the act. Since the legislature has seen fit to do neither the municipality is therefore not bound under the statute to pay interest subsequent to the date of the maturity of the bond." We think this contention is without merit. Section 42, from which we have above quoted, provides that the Village shall collect from the property owners all instalments with interest until paid, and this too, whether the payment be made by the property owners "at or after maturity." Section 86 provides that the bonds "shall draw interest from the date of the issuing of the same." Obviously, the Village must pay the interest collected from the property owners to the holders of the bonds until the bonds are paid. The proceeds of special assessments are trust funds for the payment of the bonds issued for the purpose of anticipating the collection of the assessment, and where bonds are made payable out of a particular instalment and the moneys have been collected from the property owners for that instalment, a bondholder whose bond is past due is entitled to have his pro rata share of the moneys collected paid to him with interest from the time the same should have been paid to him. *Rothschild v. Village of Calumet Park,* 350 Ill. 330. The Village is not authorized to use the moneys collected for the sixth instalment for any purpose except to pay the bonds issued against that instalment with interest thereon.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

McSurely and Matchett, JJ., concur.