(No. 23111

MINNIE HOEHAMER *et al.* Appellants, *vs.* THE VILLAGE OF ELMWOOD PARK, Appellee.

*Opinion filed October 24, 1935.*

James J. Barbour, and Charles Collins, for appellants.

MYRON E. WISCH, (MARKMAN, DONOVAN & SULLIVAN, HENRY O. NICKEL, and HOWARD B. BRYANT, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

The two appellants, Minnie Hoehamer and Louise Beck, joined in a single appeal from a judgment of the county court of Cook county which allowed the refunding of a municipal bond issue under section 86a of the Local Improvement act. Smith's Stat. 1933, chap. 24, par. 792a.

The facts are not in dispute, although each appellant has presented separate questions of law. A petition filed in the county court by the village of Elmwood Park set forth the existence of a bond issue based upon a special assessment under the Local Improvement act. Assessments levied and to be collected, with interest thereon, amounted to over $345,000, and outstanding bond installments, with interest, amounted to over $430,000. The net balance in this particular improvement fund was a little over $50,000. The petition prayed for an extension of unpaid assessments, a refunding and cancellation of the outstanding securities, and that uncollected assessments, and interest thereon, be refunded by dividing the amounts due into fifteen annual installments bearing six per cent interest per annum. On April 6, 1935, the court held the petition to be in proper form and in all respects legal and sufficient. A hearing thereon was set for April 23, and the clerk was ordered to post and publish the necessary notices in compliance with the requirements of section 86a. At least ten days before the hearing the clerk caused a notice to be published once in a secular newspaper of general circulation in the county and posted a notice in not less than five places throughout the county. It is admitted by all concerned that the clerk fully complied with the provisions of the section governing the giving of notice.

Appellant Beck entered her special appearance and contended the court lacked jurisdiction of the subject matter because the notice required by statute was not given to her. Her motion for dismissal of the action for want of jurisdiction was denied. Section 86a states, "as to names and notice, the procedure shall be in form in general as provided by statute for an original levy of a special assessment," and the procedure shall be substantially as that provided by statute for an original special assessment proceeding. She argues that this language necessarily brings section 86a within the provisions of sections 41 and 44 of the Local Improvement act (Smith's Stat. 1933, chap. 24, pars. 742, 746,) in respect to the mailing, posting and publication of notices. If her contention is correct it would be necessary, under section 41, for the clerk to mail notices fifteen days prior to the application for the confirmation of the proceeding, and section 44 would also require him to post notices in at least four public places within the village at least fifteen days before confirmation was sought. Publication would also be required once a week for two successive weeks in a newspaper published in the village.

The primary legislative intent in section 86a was to provide the legal means by which a municipality could refund local improvement bonds and interest thereon. Mere reading of the section demonstrates that the original proceeding wherein the assessment was confirmed is not to be disturbed except to extend the time of payment and to refund the bonds outstanding. Under section 86a no questions as to reasonableness, amount of assessments and the ratio of benefits to public and private property are involved. The property owner who has paid in advance all of his assessments under the provisions of section 42 of the Local Improvement act is not a party to the proceeding under section 86a. The conditions calling for the application of sections 41 and 44 and those calling for the application of the requirements of section 86a bear no relation to each

other, and the general language of section 86a concerning procedure and form consequently does not support the contention of appellant Beck. In support of this point she cites *People* v. *Blocklinger,* 344 Ill. 447, *People* v. *Sargent,* 252 id. 104, *Yaggy* v. *City of Chicago,* 194 id. 88, and *Phillips* v. *People,* 218 id. 450. These cases are authority for the general proposition that where the statutes specifically prescribe the means whereby jurisdiction is to be obtained over subject matter and persons the means prescribed must be strictly followed. That rule was observed by the county clerk in the present proceeding.

Many years elapsed between the enactment of the Local Improvement act and the addition of section 86a thereto. The latter was passed by the legislature to relieve municipalities financially distressed during the recent era of bank failures. The notice provided in section 86a is similar in nature to the notice provided in section 84 of the same act. (Smith's Stat. 1933, chap. 24, par. 790.) The legality and sufficiency of the notice prescribed in section 84 has been approved by this court in *People* v. *Cohen,* 219 Ill. 200, and *Wilmette Bank* v. *City of Des Plaines,* 349 id. 106. The object of the legislature in enacting section 86a as an amendment to the Local Improvement act has not escaped our attention, and where its language is susceptible of more than one construction we will carry out the intent of the legislature rather than defeat it. (*People* v. *Shader,* 326 Ill. 145; *Zurich Accident Ins. Co.* v. *Industrial Com.* 331 id. 576.) The positive requirements of a statute contained in any particular section or paragraph will not be ignored but will be enforced unless a reasonable construction of the whole act or section under consideration requires otherwise. (*Patterson Pie Co.* v. *Industrial Com.* 335 Ill. 476.) The provisions of section 86a are easily reconciled with the remainder of the Local Improvement act, and the county court did not err in denying the motion of appellant Beck to dismiss the petition for want of jurisdiction.

The constitutionality of section 86a is questioned by appellant Hoehamer from different angles. She complains that the publication and posting of notice requirements allow the same to be done anywhere in Cook county and do not restrain such acts within the bounds of the municipality. This, she states, is a violation of the "due process" provision of the constitution. (Art. 2, sec. 2.) She cites two cases, *People* v. *Lavendowski,* 329 Ill. 223, and *People* v. *Gale,* 339 id. 162, in support of her argument. We do not recant what was said in those two cases, for neither of them defines the kind of and sufficiency of notice that would comply with "due process" requirements. The constitutional validity of notices given under the Local Improvement act has been passed upon by this court at various times. A statutory notice to a property owner which enables him to appear before the properly constituted tribunal where he will be heard with reference to an assessment prior to it becoming a charge upon his property is sufficient notice. (*Citizens' Savings Bank* v. *City of Chicago,* 215 Ill. 174.) As an assessment judgment does not impose a personal liability, due process of law does not require the giving of personal notice to the property owner. The legislature may say that constructive notice is appropriate. (*Gage* v. *City of Chicago,* 225 Ill. 218; *Haugan* v. *City of Chicago,* 259 id. 249; *McChesney* v. *City of Chicago,* 226 id. 238.) It is evident that the notice requirements of section 86a were patterned after those of section 84 of the same act. The requirements of section 84 were held to comply with the due process clause of the constitution in *City of Chicago* v. *Cohn,* 326 Ill. 372. We there said: "An orderly proceeding in which a person is served with notice, actual or constructive, and has an opportunity to be heard and to protect and enforce his rights before a court having power to hear and determine the cause, is due process of law." In *Wilmette Bank* v. *City of Des Plaines, supra,* we held that the notice called for in section 84, if

published and posted in accordance with the requirements, was sufficient to give the court jurisdiction over the subject matter and the parties. No citations in point are given by appellant Hoehamer in support of her assertion, and her argument is obviously without merit.

Section 14 of article 2 of the constitution is invoked upon the theory that section 86a impairs the obligation of a contract. Appellant Hoehamer indulges in the assumption that the assessment judgment against her property embodied an agreement between her and the municipality that she was to pay the determined installments as they fell due, and that the change in maturity dates of the various installments constituted a new agreement. The confirmation of the assessment constituted a judgment against the property of said appellant, as it operated against all of the property benefited by the improvement even though some of the property owners may have fought the improvement from its inception. No argument is needed to show that the essential elements which go to make a contract are lacking in a proceeding under the Local Improvement act. A chancery decree or law judgment is not a contract in this State. (*Williams* v. *Waldo,* 3 Scam. 264; *Rae* v. *Hulbert,* 17 Ill. 572; *Hinkley* v. *Champaign Nat. Bank,* 216 id. 559; *Ambler* v. *Whipple,* 139 id. 311.) With equally good reason it may be said that a judgment in confirmation of an assessment under the Local Improvement act is not a contract, and consequently section 14 of article 2 of the constitution has not been violated.

Appellant Hoehamer further argues that article 9 of the constitution does not authorize municipalities to refund special assessment bonds even though the power to issue the original special assessment bonds is unquestioned. The two cases cited, *Loeffler* v. *City of Chicago,* 246 Ill. 43, and *City of Chicago* v. *Blair,* 149 id. 310, do not support her contention. The *Loeffler case* defined a "local improvement," and held that the city of Chicago and the town of

Cicero could not jointly construct a local improvement under the circumstances which led to the litigation. The *Blair case* is authority only for the proposition that sprinkling of streets does not constitute a local improvement which comes within the purview of the Local Improvement act. The decisions in these cases have no bearing upon the point under consideration.

The earliest case in this court dealing with the power of a municipality to refund an obligation is *City of Galena* v. *Corwith,* 48 Ill. 423. Galena existed under a special charter and had the power to borrow to a certain limit and issue bonds therefor. The city had a floating debt evidenced by scrip and promissory notes. The form of the indebtedness was changed to interest-bearing bonds. The action received the sanction of this court.

*Burr* v. *City of Carbondale,* 76 Ill. 455, arose out of interesting facts. In 1869 the legislature passed an act which authorized cities which were competing for the location of a normal school to issue bonds for donative purposes upon the vote of the inhabitants of the municipality. Carbondale citizens voted to issue $100,000 of bonds. The bonds were issued and Carbondale secured the school. The bonds were turned over to the contractor as a payment. Subsequently, by appropriate legislation, the contractor was satisfied and the bonds were then delivered to the Governor in compliance with the act. The legislature then passed an act whereby Carbondale could retire the bond issue if its citizens voted to refund them on the basis of $30,000 of refunding bonds for the original issue. After a vote Carbondale issued the refunding bonds. An action was then instituted to enjoin the collection of taxes to pay the interest because the legislature lacked constitutional authority to pass the acts concerned. This court held the acts constitutional, holding that, even if the act creating the bargain settlement had been unconstitutional, the city would nevertheless be liable upon the bonds last issued, as they were

issued for a corporate purpose to replace an original issue for a corporate purpose and to re-pay the original debt.

In *Kane* v. *City of Charleston,* 161 Ill. 179, the rule was announced that the issuance of refunding bonds by a municipality under a statute allowing it is not prohibited by the constitution of 1870, (art. 9, sec. 12,) although such refunding bonds extend the indebtedness beyond twenty years from the date originally contracted.

In *Stone* v. *City of Chicago,* 207 Ill. 492, Chicago was burdened with judgment debts and the people voted a bond issue of $4,000,000 to refund those debts. This was held proper, because the bonds were issued for a corporate purpose and the judgments were items of indebtedness of the city.

Section 6 of article 5 of the Cities and Villages act of 1872 (Smith's Stat. 1933, chap. 24, par. 65.5,) gives to municipalities the power "to issue bonds in place of, or to supply means to meet maturing bonds, or for the consolidation or funding of the same." The refunding of a municipal debt is not a new thing in this State, and it is well settled that the legislature, under the constitution, has power to authorize cities and villages to refund a bond issue. The right of the legislature to pass the Local Improvement act empowering municipalities to issue improvement bonds is not questioned. Since the power to issue bonds exists, it must necessarily follow that the legislature has power to authorize a municipality to refund those bonds when, through an economic depression or otherwise, they are in default.

Appellant Hoehamer further complains that since the refunded issue exceeds $200,000, section 11 of the Local Improvement act has not been followed by publication of the refunding ordinance. The answer to this, based upon what we have said earlier in this opinion, is that section 86a does not require publication of the ordinance. Section 11 concerns only the original improvement ordinance, and does

not require the same full and specific information of the proposed refunding operation.

The funding of the accrued interest on the unpaid installments and charging interest on the same are the cause of further objections. This, appellant Hoehamer claims, is an additional burden upon her property, and she should have a hearing thereon before a jury to see if her property will be assessed more than it is benefited. The constitution guarantees a right to a jury trial only as that right existed at common law. (*Parmelee* v. *Price,* 208 Ill. 544; *Wabash Railroad Co.* v. *Drainage District,* 194 id. 310.) A question of benefits under a special assessment is not included in the right. (*Briggs & Frith* v. *Union Drainage District,* 140 Ill. 53.) Under section 66 of the Local Improvement act interest shall be included in the judgment. If not included the judgment is not a valid one. (*People* v. *Smythe,* 232 Ill. 242.) Where a property owner claimed that interest was illegally allowed on installments not due because the drainage statute only allowed interest from the time assessments became payable, this court held an assessment for interest under the order was legal. (*People* v. *Weber,* 164 Ill. 412.) The legislature has the right to fix the interest rate on deferred installments and bonds on the basis of the use of the money for the benefit of the property owner. (*Hulbert* v. *City of Chicago,* 213 Ill. 452; *City of Chicago* v. *People,* 215 id. 235.) The case of *City of Cincinnati* v. *Guckenberger,* 54 N. E. 376, cited by said appellant is not in point. It was there held unlawful to refund past-due interest as a part of the principal debt, but the issues there were somewhat peculiar, due to a specific statute having nothing in common with section 86*a*. The debt involved in that case was a general obligation of the municipality. In the present case, under the law of this State, the municipality assumes no obligation, except that it stands as a trustee obligated to collect the installments and interest from the property owners. No liability at-

taches to the municipality when such owners fail to pay the interest. If for any reason the full collection of an installment or interest due is not made, the deficiency must fall upon the bondholders and not upon the municipality. *Rothschild* v. *Village of Calumet Park*, 350 Ill. 330.

The judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*