MICHAEL PONTARELLI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83199. Promulgated April 14, 1937.

*George K. Bowden, Esq.*, for the petitioner.
*O. W. Swecker, Esq.*, for the respondent.
*Frederic Burnham, Esq.*, and *Harry Thom, Esq.*, as *amicus curiae,*

OPINION.

ARNOLD: Petitioner assails respondent's determination that interest received by him on improvement bonds issued by the city of Chicago is subject to Federal income tax.

The city of Chicago is a municipal corporation and as such is a political subdivision of the State of Illinois, with power and authority to make local improvements and defray the cost thereof by special assessment upon contiguous property, or by general taxation or otherwise as it by ordinance may prescribe. It is authorized, for the purpose of anticipating collection of the second and succeeding installments of any special assessment proposed, to issue bonds payable out of the proceeds of such installments and bearing interest at a rate of not more than 6 percent and not less than 4 percent, payable annually. Prior to March 1, 1932, pursuant to its statutory power and authority in that respect, it made certain local improvements financed by special assessments imposed upon contiguous property and had issued certain bonds in anticipation of its collection of deferred installments of such special assessments, a portion of which bonds were outstanding throughout petitioner's fiscal year ended February 28, 1933.

By section 90 of the Local Improvement Act of Illinois, the city is required to cause a valid special assessment or assessments to be

levied and collected and pay bonds from the collections so made until all issued shall be fully paid, and any holder of the bonds is entitled to some right of relief by way of mandamus or injunction to enforce the city's obligation in that regard. The improvement of the municipal sewer system, for payment for which the bonds were issued to anticipate the collection of special assessments levied, is a governmental function. *Halsey* v. *Commissioner*, 75 Fed. (2d) 234; (App. D. C.); *John B. Hittell*, 33 B. T. A. 276; *Brush* v. *Commissioner*, 300 U. S. 352. The face amount of the bonds, together with 5 percent annual interest, was payable solely out of the city treasurer's collections of deferred installments of the assessments imposed upon contiguous property. A municipality's issuance of improvement bonds, so payable, is authorized by the Local Improvement Act of Illinois, which expressly limits the city's liability thereunder to a proper payment of the amount collected under the assessments, levy, and collection to be made by the city with all reasonable diligence.[1]

The interest on petitioner's bonds issued by the city of Chicago and the city's promise to repay borrowed funds fall literally within the terms of section 22 (b) (4) of the Revenue Act of 1932, providing that interest on the obligations of a political subdivision of a state "shall not be included in the gross income and shall be exempt from taxation * * *." The bonds, moreover, are prima facie within the narrowed meaning of the term "obligation", which for the purposes of the subdivision has been restricted to such "as might be 'issued' in the exercise of the borrowing power of the state." *United States Trust Co. of New York* v. *Anderson*, 65 Fed. (2d) 575; (C. C. A., 2d Cir.); certiorari denied, 290 U. S. 683. See also *Kansas City Southern Railway Co.*, 16 B. T. A. 665, reversed other point, 52 Fed. (2d) 372; (C. C. A., 8th Cir.); certiorari denied, 284 U. S. 676.

But although petitioner's bonds were issued by the city and expressly recite its promise to pay principal and interest, the courts of Illinois have consistently held that the municipality is not obligated under the terms of such instruments, whether denominated bonds, notes, or tax warrants, except in the capacity of trustee for the collection and proper distribution of the proceeds of assessments made applicable to their satisfaction. *Hoehamer* v. *Village of Elmwood Park*, 361 Ill. 422; 198 N. E. 345; *Rothschild* v. *Village of Calumet Park*, 350 Ill. 330; 183 N. E. 337; *Bankers Life Co.* v. *Village of Elmwood Park*, 280 Ill. App. 524; *Wells* v. *Village of Wilmette*, 193 Ill. App. 30. In *Norfolk & Western Railway Co.* v. *Board of Education of Chicago*, 14 Fed. Supp. 475, the District

[1] Cahill's Revised Statutes of Illinois, 1935, ch. 24, secs. 167, 201, 216, 218, 222.

Court for Northern Illinois so held in respect of tax anticipation warrants, which, like petitioner's bonds, recited the promise of the city and of the board of education to pay the bearer a specified amount at a specified date out of 75 percent of the proceeds of a general school tax levy for 1929. Judge Woodward remarked therein that there was no primary obligation to pay resting either on the city or the board. In *Berman* v. *Board of Education of Chicago*, 360 Ill. 535; 196 N. E. 464, involving the same warrants, the Supreme Court of Illinois likewise held that:

* * * Such warrants do not constitute, and can not be construed as constituting, any promise of payment, either express or implied, on the part of the taxing body issuing them. * * *

and, under the theory that they were not debts of the city, it enjoined the issuance of municipal bonds designed to provide funds for covering· deficiencies in collections of the tax levy which alone had been pledged for payment. See also *People* v. *Nelson*, 344 Ill.· 46; 176 N. E. 59.

Notwithstanding the holding of the Illinois courts that the city was obligated not as principal under petitioner's bonds but as trustee charged with the duty of spreading and collecting the pledged assessments and a proper distribution of the proceeds to the bondholders, we are of the opinion that the interest on petitioner's bonds is exempt from Federal income taxes. In two office decisions, O. D. 447, 2 C. B. 93, and O. D. 491, 2 C. B. 93, the Commissioner ruled in 1920 that municipal bonds, similar to petitioner's in all material respects, were to be considered the obligations of a political subdivision of a state within the meaning of section 213 (b) (4) of the Revenue Act of 1918, which is identical with section 22 (b) (4) of the Revenue Act of 1932. The series of regulations issued by the Commissioner pertaining to the several revenue acts contain nothing which would exclude such bonds from the purport of the section,[2] and the continuous validity of such construction has recently been recognized in G. C. M. 13469, XIII–2 C. B. 125, which, in holding taxable the interest on tax bills issued by a city, but reciting an indebtedness of the assessed lot owner to the bill holder, distinguished O. D. 477 and O. D. 491 on the express ground that they involved bonds·which were obligations of the issuing municipality.

The provisions of section 22 (b) (4) of the Revenue Act of 1932 have been successively reenacted without change in every revenue act since 1913.[3] As the cited rulings of the Commissioner indicate a consistent application of the law since 1920, we are of the opinion

[2] Sec. B, Act of 1913 ; sec. 4, Acts of 1916 and 1917 ; sec. 213 (b) (4), Acts of 1918, 1921, 1924, and 1926 ; sec. 22 (b) (4), Acts of 1928, 1934, and 1936.

[3] Art. 83, Regulations 33 ; art. 74, Regulations 45, 62, 65, 69 ; art. 84, Regulations 74, 77 ; art. 22 (b) (4)–1, Regulations 86, 94.

that legislative sanction attached to the administrative construction that such bonds as petitioner's are to be treated as the obligations of a political subdivision of a state, and accordingly hold that interest on them should not be included in the recipient's gross income. *Massachusetts Mutual Life Insurance Co.* v. *United States*, 288 U. S. 269; *United States* v. *Dakota-Montana Oil Co.*, 288 U. S. 459; *Brewster* v. *Gage*, 280 U. S. 327. Cf. 30 Op. Atty. Gen. 252, and opinion of Attorney General Cummings of February 4, 1937.

Respondent has submitted no brief in support of his determination, but at the hearing directed our attention to G. C. M. 13469 as expository of his views. For the reasons above given, we are of the opinion that the postulated terms of tax bills therein considered are distinguishable from petitioner's bonds.

*Judgment will be entered under Rule 50.*