T. I. STONER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81922. Promulgated February 1, 1938.

*Arnold F. Schaetzle, Esq.*, for the petitioner.
*Harold D. Thomas, Esq.*, for the respondent.

250

**OPINION.**

Sternhagen: Petitioner contends that the special tax bills and sewer tax warrants are obligations of a political subdivision of a state, and therefore that the interest is exempt from tax by clause (A), section 22 (b) (4), Revenue Act of 1932.[1] The bills and warrants were, in accordance with municipal ordinance, issued to contractors in payment for improvements. The special tax bills were payable by the city commissioner of finance and revenue and the sewer tax warrants by the county treasurer, from collections made under special assessments against the specific properties benefited by the improvements, and were secured by a lien on such properties. In all respects here material they are similar to the special tax bills considered in *Standard Investment Co.*, 36 B. T. A. 156, and, as in that case, the interest on them was properly included in petitioner's taxable income.

Petitioner argues that these obligations can not be distinguished from the municipal bonds the interest on which was held exempt in *Michael Pontarelli*, 35 B. T. A. 872 (on review, C. C. A., 7th Cir.) and *Carey-Reed Co.*, 36 B. T. A. 36 (on review, C. C. A., 6th Cir.). Those decisions were based, however, on the legislative sanction which had attached to the consistent administrative rulings treating the interest on such bonds as tax-exempt and repeated reenactments of the provisions of section 22 (b) (4).[2] There was no such consistent

---

[1] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(b) Exclusions from Gross Income.—The following items shall not be included in gross income and shall be exempt from taxation under this title:

\* \* \* \* \* \* \*

(4) Tax-free Interest.—Interest upon (A) the obligations of a State, Territory, or any political subdivision thereof, or the District of Columbia; \* \* \*

[2] O. D. 447, 2 C. B. 93 (1920) ; O. D. 491, 2 C. B. 93 (1920) ; I. T. 2074, III–2 C. B. 79 (1924).

and well known practice in regard to special tax bills and warrants.[3] While it is true that O. D. 447 and O. D. 491 were revoked and interest on the bonds held taxable in G. C. M. 16961, XV-2 C. B. 179 (1936), this reversal was made after the proceeding of *Michael Pontarelli, supra*, had been instituted, and was hence of no avail to the Commissioner in that proceeding.

*Judgment will be entered for the respondent.*

[3] See O. D. 999, 5 C. B. 102 (1921), and I. T. 1606, II-1 C. B. 69 (1923), revoked by G. C. M. 13469 (1934).