(No. 21006.—

THE SHERIDAN-BROMPTON AND ANNEX BUILDING CORPO-
RATION *et al.* Appellees, *vs.* ARTHUR J. DAANE *et al.*
Appellants.

*Opinion filed April 23, 1932.*

CHARLES G. PALMER, (CLYDE C. FISHER, of counsel,)
for appellants.

CONCANNON & DILLON, ROBERT J. HILLIARD, DANIEL F. SULLIVAN, RINGER, WILHARTZ & HIRSCH, and LOUCKS, ECKERT & PETERSON, (WILLIAM WILHARTZ, and BEN A. STEWART, of counsel,) for appellees.

Mr. COMMISSIONER PARTLOW reported this opinion:

The Sheridan-Brompton and Annex Building Corporation filed a bill in the superior court of Cook county against appellants, Arthur J. Daane and Charlotte L. Daane, his wife, to enforce a proprietary lease to a coöperative apartment. Appellants filed an answer and a cross-bill against the Sheridan-Brompton and Annex Building Corporation, Maurice B. Rissman, Irving M. Sevin and Harry L. Solomon, individually and as trustees of the Sheridan-Brompton Trust, and against Edwin D. Krenn and Edward A. Dato, individually and as partners doing business as Krenn & Dato, and Krenn & Dato, Inc., all of whom are appellees herein. The cross-bill alleged, among other things, that the cross-defendants sold certain class "D" securities to the cross-complainants in violation of the Illinois Securities act, and it prayed that the sale be declared void. Upon issues being joined the cause was referred to a master to take the testimony and report his conclusions of law and fact. The master found that the Sheridan-Brompton and Annex Building Corporation and Edwin D. Krenn and Edward A. Dato, partners doing business as Krenn & Dato, did not violate the Illinois Securities act; that Maurice B. Rissman, Irving M. Sevin and Harry L. Solomon, as trustees of the Sheridan-Brompton Trust, and Krenn & Dato, Inc., did violate section 14 of the act, and that the cross-complainants had elected to declare the sale void and were entitled to an accounting from the last named cross-defendants. All of the cross-defendants except the Sheridan-Brompton and Annex Building Corporation filed exceptions to the master's report, which exceptions were sustained, a decree was entered

dismissing the cross-bill for want of equity, and the original bill was dismissed on motion of the complainants therein. The decree provided for an appeal to this court on the grounds that the cross-defendants contended that section 37 of the Illinois Securities act, if given a certain construction, is unconstitutional, and that it appeared to the trial court that the validity of a statute and the construction of State and National constitutions are involved.

The relief sought by the cross-bill is based upon section 37 of the Illinois Securities act, (Smith's Stat. 1931, chap. 121½, sec. 131, p. 2599,) which provides, in part, that every sale and contract of sale made in violation of any of the provisions of the act shall be void at the election of the purchaser, and the seller of the securities so sold, the officers and directors of the seller, and each and every solicitor, agent or broker of or for such seller who shall have knowingly performed any act or in any way furthered such sale, shall be jointly and severally liable in an action at·law or in equity, upon tender to the seller, or in court, of the securities sold to the purchaser for the amount paid, the consideration given or the value thereof, together with his reasonable attorney's fees in any action brought for such recovery. Appellees in their answer to the cross-bill preserved all their rights to contest the constitutionality of this section of the act.

It is contended by appellees that if the section authorizing the purchaser to proceed either at law or in equity is construed to give the purchaser an election to proceed either at law or in equity, as he may see fit, and thus, at his election, secure a jury trial or not, it is unconstitutional, and is in violation of sections 2, 5 and 19 of article 2 and of section 22 of article 4 of the Illinois constitution and of the fourteenth amendment to the constitution of the United States. They contend that the proper construction of this section is, that a purchaser may proceed at law or in equity in whichever court, under the particular circum-

stances of the case and under the general rules of law, he may obtain appropriate relief. Appellants in their original brief raise no point as to the constitutionality of the section. In their reply brief they state: "We do not find it necessary to take issue on this proposition, for the reason we believe that a court of chancery in the instant case had complete jurisdiction both of the parties and of the subject matter."

None of the parties to this suit have questioned the jurisdiction of this court to hear this case on direct appeal, but where jurisdiction of the subject matter does not exist it cannot be conferred upon this court by consent of the parties or by their acquiescence. (*Will* v. *Voliva,* 344 Ill. 510.) A constitutional question must exist, it must be presented by the case, and it must be fairly debatable before this court can take appellate jurisdiction on that ground. (*Pennsylvania Tank Line* v. *Jordan,* 341 Ill. 94; *Baccus* v. *Gunderson,* 338 id. 301.) The mere assertion that a constitutional question is involved is not sufficient to give this court jurisdiction upon a direct appeal. (*Stevens Hotel Co.* v. *Art Institute,* 342 Ill. 180.) To warrant a direct appeal to this court the validity, and not merely the construction or application, of a statute must be involved. (Practice act, sec. 118; *Will* v. *Voliva, supra; Hawthorne Kennel Club* v. *Swanson,* 339 Ill. 220; *Miller* v. *Illinois Central Railroad Co.* 327 id. 103.) This court will not pass upon the constitutionality of a statute unless its validity is necessarily involved in the case and a decision of the question is material to the determination of the issues raised. *Ossey* v. *Retail Clerks' Union,* 326 Ill. 405.

Appellants prosecuted their appeal to this court. They do not argue any constitutional questions in their original brief filed in this court. They do not raise any constitutional questions in their assignment of errors. Appellees, who first raised the question, were successful in the trial court, but the constitutional question was not there considered. Ap-

pellees did not appeal. They have assigned no cross-errors. If a constitutional question is involved upon this appeal, appellants, and not appellees, should have raised it. No constitutional question is raised upon this appeal. Appellees set forth what they believe to be the proper construction of section 37, under which construction they admit it is constitutional. Appellants in their reply brief accepted this construction.

This court has no jurisdiction on direct appeal, and the cause is transferred to the Appellate Court for the First District.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Cause transferred.*