(No. 24646.—

WARREN B. THAYER *et al.* Appellees, *vs.* THE VILLAGE OF DOWNERS GROVE, Appellant.

*Opinion filed June 21, 1938—Rehearing denied October 5, 1938.*

CARL O. BUE, and BUNGE & BUNGE, (GUSTAV H. BUNGE, of counsel,) for appellant.

LEONARD C. MEAD, and TOLMAN & CHANDLER, (HOW-ARD B. BRYANT, and ALEX ELSON, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The village board of appellant, the Village of Downers Grove, enacted an ordinance under section 86a of the Local Improvement act (Ill. Rev. Stat. 1937, chap. 24, par. 792a) to extend the time of payment of several installments of a special assessment, known in this record as assessment No. 123, and to issue refunding bonds to replace the securities issued in anticipation of collection of the special assessment. The original assessment had been divided into ten installments and the bonds bore interest at six per cent, payable annually. As authorized by section 86a, a petition was filed in the county court of DuPage county to carry out the purposes of the ordinance and a date was set for hearing. No objections having been filed, the court entered an order in accordance with the prayer of the petition, extending the time for payment of the assessments for a period of

fifteen years, and directing the issuance of bonds redeemable within that time and bearing interest at five per cent to replace bonds outstanding. This order was entered October 25, 1937. On December 4, following, appellees moved to vacate the order extending such installments and refunding such securities, and to dismiss the proceedings out of court, on the ground that the court had no jurisdiction to enter the order for the reason that at the time it was entered not all of the outstanding bonds had been deposited as required by section 86a. Appellees' motion also set out that the order was procured by fraud in that not seventy-five per cent of the holders of bonds petitioned the village council, and, further, for the reason that not all of the bondholders were willing to deposit their bonds as the petition alleged. It was also objected that the court was without authority to order the payment of costs out of certain funds on hand, collected from the assessments for the purpose of paying bonds.

No question of the validity of section 86a of the Local Improvement act is raised. That section, (Ill. Rev. Stat. 1937, chap. 24, par. 792a,) in so far as it is pertinent to the inquiry here, is as follows: "The court having jurisdiction of the original assessment proceeding is hereby authorized at any time after the assessment has been confirmed to extend the time of payment of assessments, or any installment or installments thereof, whether due or not due, heretofore or hereafter levied, and in case securities have been issued, to refund the securities and past due interest thereon, heretofore or hereafter issued in anticipation of the collection of the assessments. * * * Securities not due may be refunded only when the holders thereof surrender the same in exchange for refunding securities issued in lieu thereof, or deposit the same as hereinafter provided and agree to accept payment therefor in cash in an amount not exceeding the par value thereof, together with accrued interest; said payment thereof is to be made out of the proceeds of the sale by the municipality of said refunding

securities; provided that all the securities against any installment to be refunded shall be so surrendered or deposited. The court is hereby vested with authority to divide any assessment or any installment or installments thereof into a greater number of installments. * * * Whenever it is desired to extend the time of payment of any assessment or any of the installments thereof and issue refunding securities as in this act provided any municipality that has issued securities in anticipation of the collection of special assessments levied, * * * shall, upon petition of seventy-five per cent of the holders of any securities issued against any assessment * * * adopt an ordinance directing and providing for the extension of the time of payment of the assessment or any of the installments thereof and the sale and exchange of refunding securities in anticipation of the collection of the special assessments or any of the installments thereof the time of payment of which is to be extended. The ordinance so adopted shall direct the filing of a petition in the court having jurisdiction of the original assessment. * * * The court shall hear the proceeding in a summary manner without a jury. * * * No judgment confirming any proceeding under this act shall be entered until all outstanding securities shall have been either deposited in the court or with some depository under an escrow agreement approved by the court. The petition shall set forth the amount of the assessment or installments to be extended, the date or dates of confirmation of the original assessment, the rate of interest of the original assessment, the amount of cash on hand in the particular assessment or installments, the outstanding securities or other obligations to be refunded, the date of maturity of the outstanding securities and the rate of interest same bear. Such petition shall also state that the holders of the securities issued in anticipation of the collection of said assessment or installments, will surrender their securities in exchange for refunding securities to be issued under the provisions of this

act, or accept in payment thereof an amount not exceeding the par value thereof, with accrued interest thereon. * * * Accompanying such petition there shall be filed an assessment roll setting forth a description of the lots, blocks, tracts and parcels of land assessed in the original proceeding, the total amount of unpaid installments, and the interest thereon proposed to be extended against each tract. * * * When said petition is filed the same shall be presented to the court and if found to be in proper form the court shall set the same for hearing at such date as will enable the clerk of the court to give at least ten (10) days notice of the hearing thereon."

The court is given power to, on such hearing, extend payment of one or more installments of the assessment, change the number thereof and provide for the details of the issuance of refunding securities. "Upon the expiration of ten (10) days after the entry of such order the municipal authorities shall issue the refunding securities authorized by order of court, provided the delivery of the refunding securities shall be simultaneous with the surrender of the securities to be refunded or paid."

The court, on appellees' motion, vacated its order providing for the extension of assessments and confirmation of assessment roll required by section 86a, on the ground, as urged in the motion, that it did not have jurisdiction to enter the order for the reason that not all bonds were deposited as required by that section.

Appellant argues that since the court had acquired jurisdiction of the subject matter on the filing of the petition, and of the parties by publication of notice in accordance with the provisions of section 86a, the objection that appellees raised on their motion to vacate the judgment did not affect the jurisdiction of the court, and, since it was not urged at the time the matter was set for hearing, it may not be urged here. It is the further ground of appellant that more than thirty days having elapsed after the

entry of the order and before appellees filed a motion to vacate, they were foreclosed and, section 86a providing for no appeal, the matters and issues raised on the motion to vacate the judgment were settled.

It is the rule, as frequently stated by this court, that a judgment or order of confirmation of an assessment cannot be set aside after the term at which it is rendered, nor after the expiration of thirty days following the entry thereof. (*Village of Dolton* v. *Dolton Estate,* 331 Ill. 88; *Noonan* v. *Thompson,* 231 id. 588; *McChesney* v. *City of Chicago,* 161 id. 110.) There are two exceptions, however, to this rule; one is where the court was without jurisdiction to render the judgment entered, and the other is where the judgment was obtained by fraud. (*Village of Dolton* v. *Dolton Estate, supra.*) Where the court entering the judgment has exceeded its jurisdiction and such judgment or decree transcends the statute conferring jurisdiction on the court, such judgment or decree is void and may be collaterally impeached or set aside on motion after the time for review by appeal has expired. (*Gray* v. *Black Co.* 338 Ill. 488; *City of Belvidere* v. *Iles,* 330 id. 31; *People* v. *Brewer,* 328 id. 472; *Armstrong* v. *Obucino,* 300 id. 140.) It is a rule well established that a void judgment or order may be vacated at any time and the doctrines of *laches* and estoppel do not apply. Jurisdiction in a particular case is not only the power of the court to hear and determine it, but also the power to render the particular judgment entered, and every act of the court beyond its jurisdiction is void. *People* v. *Shurtleff,* 355 Ill. 210; *People* v. *Circuit Court of Washington County,* 347 id. 34; *People* v. *Siman,* 284 id. 28; *Ex Parte Reed,* 100 U. S. 13, 25 L. ed. 538.

It is conceded by appellees that the court had jurisdiction of the subject matter and the parties, but, they say, it did not have jurisdiction to enter the judgment or order rendered, and such judgment or order may be set aside at

any time. It will be observed that section 86a is quite definite in the language "no judgment confirming any proceeding under this act shall be entered until all outstanding securities shall have been either deposited in the court or with some depository under an escrow agreement approved by the court." Counsel for appellant argue that this can apply only to cases of refunding assessment bonds not due. But it is clear from the language of the section, both preceding and following this quoted language, and having to do with the contents of the petition which is to be filed on the adoption of the ordinance by the city council, that the subject matter of that limitation applies, as the words of the section indicate, to "any proceeding under this act."

It seems quite clear from a reading of section 86a that after an ordinance has been adopted on petition of seventy-five per cent of the holders of the bonds outstanding, the petition filed in court pursuant to such ordinance is required by that section to "state that the holders of the securities issued in anticipation of the collection of said assessment or installments will surrender their securities in exchange for refunding securities to be issued under the provision of this act or accept in payment thereof an amount not exceeding the par value thereof, with accrued interest thereon." It is equally clear, under the specific limitations of the statute, that "no judgment confirming any proceeding under this act" may be entered by the court on such petition until all outstanding securities have been either deposited in the court or with some depository under an escrow agreement approved by the court. "Any proceeding under this act" necessarily includes the present proceeding.

It is argued with force that an interpretation of this section which would empower the court to take up overdue bonds bearing interest at six per cent, and substitute therefor bonds due in fifteen years bearing interest at five per cent, would violate the due process and contract clauses of the Federal constitution. However, the clarity of the language

of the statute gives no room for the construction appellant contends for, and such a constitutional question is not in the case.

Affidavits and counter-affidavits were filed on the question of whether certain bondholders joined in the petition before the village board, but, under the construction of section 86a which must be adopted, that question does not require consideration here.

We are of the opinion that the county court was without jurisdiction to enter the order and judgment of confirmation and that its order vacating such judgment is correct.

The order is affirmed.

*Order affirmed.*