(No. 25404.— ▮▮▮▮▮▮▮)
THE VILLAGE OF DOWNERS GROVE, Appellant, *vs.* J. E. HARLEY *et al.* Appellees.

*Opinion filed December 15, 1939—Rehearing denied Feb. 13, 1940.*

BUNGE & BUNGE, (GUSTAV H. BUNGE, of counsel,) for appellant.

LEONARD C. MEAD, MARKMAN, DONOVAN & SULLIVAN, and TOLMAN & CHANDLER, (HOWARD B. BRYANT, and ELMER P. SCHAEFER, of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

On July 20, 1939, the county court of DuPage county entered an order dismissing a petition to refund six of ten installments of special assessment No. 123 of the village of Downers Grove, Illinois. The village had petitioned for confirmation of an ordinance authorizing the refunding

of said installments under the provisions of section 86a of the Local Improvement act. (Ill. Rev. Stat. 1939, chap. 24, par. 792a.) The village has prosecuted an appeal directly to this court.

In September, 1937, a petition by more than seventy-five per cent of the holders of defaulted special assessment bonds issued by said village to anticipate the collection of deferred installments of special assessment No. 123 was filed with the village of Downers Grove, praying that steps be taken to extend the time of payment of all the installments and to issue refunding certificates as authorized by the provisions of section 86a of the Local Improvement act, *supra*. Following this petition, an ordinance was adopted by the village and confirmed by the county court. In February, 1938, the county court vacated the order of confirmation because at the time it was entered all the bonds were not deposited as required by statute. This judgment of the county court was affirmed, on appeal, in *Thayer* v. *Village of Downers Grove,* 369 Ill. 334.

After the cause was remanded, the appellant obtained leave to amend its petition by eliminating from the prayer thereof the refunding of installments numbered 6, 7, 8 and 10, having amended the original ordinance so as to authorize the refunding of the six remaining installments of said defaulted bonds. A motion to dismiss the amended petition to refund was made by the owners of the special assessment bonds on installments numbered 6, 7, 8 and 10 and was sustained by the court. Appellant claims the sole and only point for decision is whether the trial court had the right to entertain the supplemental petition, because all the unpaid portions of said assessment were not to be refunded. In other words, could the trial court acquire jurisdiction to refund a part but not all of the installments. The village claims that section 86a, *supra,* expressly provides that upon a proper petition addressed to the corporate authorities, an ordinance may be passed for refunding all or

a part of defaulted installments, and, therefore, the refunding of six out of the ten installments involved in assessment No. 123 was authorized.

Appellees urge that the proceeding was void since the ordinance provides that the costs of the proceeding shall be paid out of surplus money in the several installments; that to so use such funds to pay costs deprives the bondholders, whose bonds are not refunded, of property without due process of law, because the Local Improvement act requires surplus funds on hand, after the payment of any installment, to be applied *pro rata* in payment of defaulted vouchers or bonds issued against other installments. (*Rothschild* v. *Village of Calumet Park,* 350 Ill. 330.) It is also claimed that there is no authority to charge any costs at all against the special assessment fund in cases of refunding.

It appears that the total of the outstanding assessment bonds and interest unpaid in assessment No. 123 amounts to $33,960; that installments 1, 2 and 3 have been fully paid, with no bonds outstanding, but with $1163 surplus on hand collected from the payment of such installments; that there is $8431 principal and interest unpaid in installments 4, 5 and 9 and there was a surplus on hand in said installments over and above payments of $2160; that there was $25,525 principal and interest on bonds unpaid in installments 6, 7, 8 and 10 and a surplus of $5610 over and above the amount paid out from collections on such installments. The amended ordinance recites there is $3323.86 available out of the refunded installments, $2500 of which is to be paid on bonds and the balance to be used in paying costs and making and extending the assessment. It is quite obvious the ordinance disposes of the surplus of installments 1, 2 and 3, and 5, 6 and 9, although the bonds issued against the first three are paid, and, therefore, appellees claim $1163 surplus should be prorated among all bonds unpaid.

The case of *Scribner* v. *Village of Downers Grove post,* p. 614, has passed upon the constitutional question involved in this case. In the *Scribner case* part of the installments were refunded and part of the surplus accumulated in all the several installments was used to pay the costs of the proceeding. In the *Scribner case* we held that the bondholders of the installments not refunded have a right to have the surplus existing in any of the installments, not necessary to pay the bonds in that installment, prorated towards the payment of their bonds, and, further, that section 86a, *supra,* must be construed so that the refunding of part of the installments will not be made in such a manner as to deprive any bondholder of a vested right. It seems reasonably clear that it was the intention of the legislature in the enactment of section 86a of the Local Improvement act to authorize all or part of the installments of a special assessment to be refunded, provided that all the remaining bonds have been paid or are not prejudicially affected in any way by the refunding of a part of the installments.

It also appears from the order of the county court that $1500 of the bonds in the ninth installment, to be refunded, were not deposited at the time the application was made for confirmation. This court held in the prior appeal of the case of *Thayer* v. *Village of Downers Grove, supra,* that this would deprive the court of jurisdiction to enter an order confirming the refunding ordinance.

The judgment of the county court is affirmed on authority of *Scribner* v. *Village of Downers Grove, supra,* and *Thayer* v. *Village of Downers Grove, supra.*

*Judgment affirmed.*