(No. 25983.-

THE VILLAGE OF BELLWOOD, Appellee, *vs.* HUNTER & Co., INC., Appellant.

*Opinion filed February 18, 1941.*

628

Marshall S. Howard, for appellant.

Langworthy, Stevens & Bartlit, and Markman, Donovan & Sullivan, (Henry O. Nickel, of counsel,) for appellee.

Mr. Justice Shaw delivered the opinion of the court:

This is an appeal from a decree entered by the county court of Cook county, ordering an extension of the time of unpaid assessments and a refund of outstanding securities issued in anticipation of collection of a special assessment in accordance with the provisions of section 86a of the Local Improvement act. (Ill. Rev. Stat. 1939, chap. 24, par. 792a.) The appeal is before us on the questions of due process and the constitutionality of certain provisions of the act.

The village of Bellwood on May 8, 1940, passed an ordinance providing for the extension of the time of payment of unpaid installments and for the refunding of the securities of Bellwood special assessment No. 100. This

assessment was originally confirmed on February 7, 1928. The village then filed a petition to confirm the extension and refund, to which the appellant, Hunter & Co., Inc., objected. The company claimed that it was the owner of the beneficial interest in two lots covered by Bellwood special assessment No. 100, and also that it was the owner of bonds and interest coupons valued at six thousand dollars payable from special assessments for water, sanitary sewers, lights and storm sewers, levied against and payable from the same real estate, subject to Bellwood special assessment No. 100. The objections were overruled, and the disputed assessment was extended and refunded.

Because the assessment No. 100 was originally confirmed on February 7, 1928, and section 86a was added to the Local Improvement act in 1933, appellant insists that the amendment impairs the obligation of contract and deprives the bondholders of their property without due process of law. · Appellant argues that new rights are conferred upon one group of bondholders to the detriment of others where there are numerous installments of several different special assessments due on the same lot or group of lots, and where, because of concentrated holdings, only one special assessment is extended and its securities refunded. Such a claim ignores the right which the appellant, or any other bondholder, has to petition the municipality for a refund of the special assessments in which they may be interested. The right to refund is shared by all bondholders alike. We fail to see wherein appellant has suffered a denial of due process.

Appellant, assuming that the later year's tax constitutes a prior lien, then maintains that the refunding petitioned for here establishes the lien of the Bellwood special assessment No. 100 as a first and prior lien. This doctrine has never been the rule in Illinois, and as late as 1939, in the case of *People* v. *Taylorville Sanitary District,* 371 Ill. 280, this court held that the liens of general taxes and of spe-

cial assessments are on a parity and equal, with no preference or priority of any one over the other. In addition, section 86a specifically states: "Assessments and installments, the time for the collection of which has been extended, shall continue to be a lien on the lands assessed, the same as the original assessments," etc. Thus, the act itself makes it clear that one assessment shall not be preferred over another.

Appellant also contends that the extension of special assessments and refunding of bonds under section 86a, cannot be had unless all delinquent installments of all special assessments levied upon the same premises are extended and the bonds refunded. It is apparent that section 86a limits the extension and refunding to one particular special assessment proceeding. To hold otherwise would create an impossible situation.

Section 86a requires that seventy-five per cent of the holders of securities may petition a municipality for an extension and refunding. It is argued that to require a majority of seventy-five per cent of the holders of outstanding securities to join together in a petition to the municipality as a condition precedent to extension and refunding, is an arbitrary, unreasonable, and discriminating exercise of legislative power, establishes an unreasonable and arbitrary classification, and deprives appellant of the equal protection of the law. This was a reasonable provision discretionary with the legislature, and, in this instance, is not subject to judicial review. The bondholders are protected by a provision in the act which requires all outstanding securities to be deposited either in the court, or with some depositary under an escrow agreement approved by the court, before any judgment confirming any proceeding can be entered.

The judgment of the county court of Cook county is affirmed.                              *Judgment affirmed.*