Chicago Title and Trust Company, Trustee, Appellants, v. Village of Westchester et al., Appellees.

Gen. No. 41,707.

Opinion filed June 9, 1941. Opinion modified and rehearing denied June 23, 1941.

MARKMAN, DONOVAN & SULLIVAN, of Chicago, for appellants; HENRY O. NICKEL, of Chicago and JOHN P. SULLIVAN, of counsel.

GEORGE SASS, of Chicago, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

An amended petition for a writ of mandamus was filed to compel defendants to pass an ordinance and file a petition in the County court of Cook county for refunding special assessment bonds issued in special assessment proceedings known as Village of Westchester Numbers 15, 23, and 38, in accordance with § 86a of the Local Improvement Act. (Par. 792a, ch. 24, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 76.107].) Defendants, Village of Westchester and certain of its officials, filed their motion to dismiss. The motion was sustained, the petition dismissed and plaintiffs appeal.

The substance of the allegations of the amended petition is that the Village of Westchester, under the Local Improvement Act, brought three proceedings in the County court of Cook county designated as Westchester Special Assessments Numbers 15, 23, and 38; that the assessments were confirmed and special assessment bonds issued under the statute; that plaintiffs, petitioners, are the owners of all bonds outstanding and unpaid; that July 23, 1940, the petitioners being then the owners and holders of all outstanding bonds, presented three petitions to the president and board of trustees of the village, each of which is made a part of the petition filed in the instant case.

The petition in relation to special assessment Number 15 sets up that the undersigned petitioners are owners and holders of 100 per cent of the unpaid special assessment securities issued in anticipation of that special assessment which was confirmed by the County court of Cook county May 25, 1928; that they

were desirous of having the bonds refunded and extended in accordance with the provisions of § 86a, and that the assessment for that purpose be extended and divided into ten equal annual installments, the first to be due and payable January 2, 1941; that they are willing to surrender bonds and coupons for accrued interest on defaulted bonds now held by them which bear interest at 6 per cent and would deposit them as the court might direct. The schedule of the bonds is attached to that petition; that upon presentation of the petition to the village officials it became their duty to proceed in accordance with § 86a, but they refused to do so.

Similar allegations are made in the petition for a writ of mandamus as to special assessment Number 23 which it was alleged was divided into five annual installments with interest at 6 per cent per annum; that the owners of all the unpaid special assessment bonds issued under special assessment Number 23 were owned by the petitioners; that they had presented a petition to the village officials asking that proceedings be taken under § 86a to refund and extend the time of payment, dividing the payments into ten equal annual installments at 6 per cent per annum, but the officials refused to act.

In reference to special assessment Number 38, similar allegations are made in the amended petition asking that the bonds be refunded and the time of payment extended and divided into ten annual installments with interest at 6 per cent per annum; that they, the owners of all outstanding securities issued to anticipate the collection of this special assessment, had petitioned the village officials but they had refused to act.

Defendants specified four grounds in their motion to dismiss: (1) That the petitions presented to the village officials were not signed by the owners and holders of 75 per cent of the outstanding special assessment securities; (2) that the three petitions pre-

sented to the village officials were conditioned upon the extension "of the respective unpaid special assessments" making them payable in ten annual installments; (3) that each of the three petitions is conditioned upon the refunding bonds bearing interest at 6 per cent per annum, and (4) that § 86a of the Local Improvement Act was unconstitutional.

(1) Was each of the three petitions presented to the village officials signed by the owners and holders of 75 per cent of the outstanding unpaid securities? The amended petition for a writ of mandamus alleges that pursuant to the terms of an agreement made and entered into May 16, 1921, by and between the Chicago Title & Trust Company, as trustee, and Loewenthal Securities Company, a corporation, James H. Freudenthal, A. W. Meyer, Elsa Kirchheimer, Herman Kirchheimer, Trustee of the Estate of Sigmund Kirchheimer, deceased, and Leopold Metzenberg, a certain series of "Municipal Trust Certificates" designated "M", "N", "S", and "U" were issued and that petitioner, the Chicago Title & Trust Company, as trustee, is the duly appointed and acting trustee of the certificates. Each of the three petitions presented to the village officials represents that they are the owners and holders of 100 per cent of the unpaid securities and each purports to be signed by the owners of all of the outstanding securities in each of the three petitions.

The petition for mandamus is brought on behalf of the parties who allege they own 100 per cent of the bonds and is signed by them by their duly authorized agent, and verified. The petition sufficiently shows that the owners of all of the outstanding and unpaid bonds had petitioned the village officials to proceed under § 86a. We think the objection made is highly technical and without merit.

(2) and (3) Was each of the three petitions presented to the village officials insufficient for the reason

the petitioners requested that the unpaid assessments be divided into 10 installments and the refunding bonds bear 6 per cent per annum? Section 86a provides: ''The court having jurisdiction of the original assessment proceeding is hereby authorized to extend the time of payment of assessments, or any installment or installments . . . and to refund the securities . . . issued in anticipation of the collection of assessments . . . *provided,* all securities of the particular maturity shall be so surrendered. The court is hereby vested with authority to divide the assessment into a greater or less number of installments than was originally provided for in the order confirming assessments and to fix the amount of each installment, if, in its judgment, such re-division of assessments into a greater or less number of installments is for the best interest of all parties concerned.'' That section continuing provides that the municipality ''shall, upon petition of seventy-five per cent of the holders of any securities issued by any such municipality addressed to said corporate authorities, adopt an ordinance directing and providing for the extension of time and payment of the assessments and . . . of refunding securities in anticipation of the collection of the assessments and installments of special assessments, time and payment of which to be so extended. The ordinance . . . shall direct the filing of a petition in the court of jurisdiction of the original assessment. In the ordinance, the municipality shall establish a date of issue of such refunding securities.'' The section then provides for notice and hearing which is to be before the court without a jury in a summary way *''provided, however,* that no approval of such refunding shall be entered until all outstanding securities shall have been either deposited in the court . . . or with some depository satisfactory to the court.'' That the corporate authorities shall file a petition giving information such as in the original proceeding, etc., and indicating whether

the holder of the securities ''will surrender their securities in exchange for refunding securities . . . the desired maturity of assessment installments, and shall also state the rate of interest, maturity and amount of refunding securities sought to be issued''; that an assessment roll shall accompany the petition giving certain information. ''The determination of the court as to its findings on the petition . . . shall be conclusive and not subject to review or writ of error.'' Then follows a provision for notifying the parties of the hearing to be had in the court, and ''At such hearing, the court shall make such orders as may be deemed proper in the premises and may extend the time of payments of one or more installments of said assessments, may change the number of installments in which said assessments are divided, . . . and the court shall, in such order, fix the amount, rate and other details in connection with the issuance of the refunding securities, *provided* the securities shall bear interest at not more per annum, payable annually, than is provided as to the original issue.'' That ''corporate authorities shall issue the refunding securities authorized by order of court, . . . *provided,* the delivery of the refunding securities shall be simultaneous with the surrender of a like par amount of old securities for payment or cancellation in exchange for the refunding securities so issued.''

We think the three petitions sufficiently complied with the statute which is clear and unambiguous. It expressly authorized the court ''to divide the assessment into a greater or less number of installments than was originally provided for in the order confirming assessments,'' and ''the court shall, . . . fix the amount, rate and other details in connection with the issuance of the refunding securities, *provided* the securities shall bear interest at not more per annum than 6 per cent.'' Defendants should have proceeded to refund the securities as the petitioners requested and

when the matter would be brought on for hearing before the County court the matter of the number of assessments and the rate of interest could be adjudicated, all of the facts then being before the court.

Section 86a has been the subject of consideration by our Supreme Court a number of times. *Village of Bellwood v. Hunter & Co.*, 375 Ill. 627; *Thayer v. Village of Downers Grove*, 369 Ill. 334; *Village of Downers Grove v. Harley*, 372 Ill. 586; *Hoehamer v. Village of Elmwood Park*, 361 Ill. 422.

(4) The fourth point made in defendants' motion to dismiss the suit was on the ground that § 86a was unconstitutional. Their motion made some time ago to transfer the case to the Supreme Court on this ground has heretofore been denied on the authority of *Village of Bellwood v. Hunter & Co.*, and the other cases above cited.

For the reasons stated, the judgment of the Circuit court of Cook county is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

MATCHETT and McSURELY, JJ., concur.