(No. 26486.— ▮▮▮▮▮)

THE PEOPLE *ex rel.* The Village of Westchester *et al.* Petitioners, *vs.* JOHN M. O'CONNOR *et al.* Respondents.

*Opinion filed November 24, 1941.*

GEORGE SASS, (ALBERT E. JENNER, JR., of counsel,) for petitioners.

MARKMAN, DONOVAN & SULLIVAN, (HENRY O. NICKEL, of counsel,) for respondents.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an original petition for *mandamus.* Petitioners seek the writ to compel respondents, as judges of the First Division of the Appellate Court for the First District, to vacate a judgment of that court, entered in the case of *Chicago Title and Trust Company, a corporation, as trustee,*

*et al.* v. *Village of Westchester et al.* 310 Ill. App. 498. Petitioners also ask that respondents be directed to vacate an order entered by said court refusing to transfer said cause to this court, and all other orders entered in said cause.

Upon leave granted by this court, the petition was filed and a summons ordered to issue. Respondents have answered the petition. The answer was treated as a demurrer to the petition and the case submitted upon the petition and answer. There was filed with the petition in this court an authenticated transcript of the record of the Appellate Court in the case above referred to, on which case the present proceeding is based. The decision of this court must be based upon the facts alleged in the petition, together with the record and opinion of the Appellate Court.

The ground on which the writ is asked is the allegation that there were involved in that case constitutional questions and it is urged that for that reason the Appellate Court had no jurisdiction to review the judgment of the circuit court of Cook county in said cause.

In order to determine the nature of the questions involved on the appeal in said cause, it becomes necessary to examine the opinion of that court. That case was a petition for *mandamus,* filed in the circuit court of Cook county, by Chicago Title and Trust Company, Trustee, against the village of Westchester and certain officers of that village. The petition alleged that the petitioners in that suit were the owners and holders of all outstanding bonds issued against, and payable from, a certain special assessment made by the village of Westchester; that petitioners had presented to the village and its proper officers a petition in accordance with section 86a of the Local Improvement act (Ill. Rev. Stat. 1939, chap. 24, par. 792a) ; that said village, and its officers, had wrongfully refused to act favorably on said petition by instituting the proceedings provided for

by said section of the Local Improvement act in the court in which the original special assessment proceedings were had. To that petition for *mandamus* respondents therein appeared and filed a motion to dismiss. Among other grounds alleged in the motion to dismiss, it was averred that section 86a of the Local Improvement act was unconstitutional. The circuit court sustained the motion and dismissed the petition. An appeal was taken by the petitioners in that case to the Appellate Court for the First District. The cause was assigned to the First Division of that court, over which respondents here preside.

Petitioners here, who were the appellees in the Appellate Court in said cause, filed a motion to transfer the cause to this court upon the grounds that their motion to dismiss in the court below raised the question of the constitutionality of section 86a of the Local Improvement act. It does not appear either from the record or the opinion in that case, what were the specific grounds upon which it was claimed this section of the statute was unconstitutional in the circuit court. Petitioners, in their suggestions in support of their motion filed in the Appellate Court, to transfer the cause, alleged that said section of the Local Improvement act was unconstitutional because "it in effect subordinates the lien of general taxes to the lien of extended special assessments," and because it "requires the municipality to file a petition in court in which it must state as a fact matters of which it has no knowledge or which it definitely knows not to be true." The Appellate Court denied the motion to transfer the cause. In the opinion the Appellate Court stated that the constitutional objection urged was highly technical and without merit.

The jurisdiction of the Appellate Court to review the judgment of the circuit court in that cause depends upon the question of whether or not there was fairly involved, on the appeal, a debatable constitutional question. If no

such question was involved the Appellate Court had jurisdiction of the appeal and its refusal to transfer the case to this court should be sustained.

The petitioners here, being the appellees in that case in the Appellate Court, had the right to raise any question concerning the constitutionality of the statute involved, in the Appellate Court. By appealing the case to the Appellate Court, the appellants in that case could not deprive the appellees of that right. Neither would such an appeal by the appellants operate as a waiver against the appellees of the right to raise such questions in that court. However, in order to oust the Appellate Court of jurisdiction of a cause on the ground that a constitutional question is involved, it must appear that such question is one which is fairly debatable and that it is not a question which has already been settled by the decisions of this court.

As to the first grounds urged by petitioners, that said section subordinates the lien of general taxes to the lien of the extended special assessment, this question has been previously settled by this court in the case of *Village of Bellwood* v. *Hunter & Co., Inc.* 375 Ill. 627.

In support of the second ground urged by petitioners that said section 86a of the Local Improvement act is invalid, it is said that the section requires a municipality to file a petition in court in which it must state as a fact matters of which it has no knowledge or which it definitely knows not to be true. It is argued that this requires the municipality and its officers to state in the petition that the holders of the special assessment bonds issued in anticipation of the collection of the assessment to be refunded, will surrender their bonds in exchange for refunding bonds to be issued under the provisions of section 86a. It is contended in this connection that this section requires the municipality to state in its petition that the holders of such securities will surrender their securities when neither the

municipality nor its officers can have any information as to whether they will do so.

Petitioners' contention in this behalf is based upon a partial and unfair statement of the applicable provisions of section 86a. Immediately following the portion of said section 86a upon which petitioners rely and which they quote in their petition, the language of the act reads as follows, "or accept in payment thereof an amount not exceeding the par value thereof, with accrued interest thereon." The statute itself provides that no refunding proceedings shall be approved by the court in which the petition is filed until all of the bonds outstanding have either been deposited in the court or with some depository, under an escrow agreement approved by the court. The section requires that at least 75 per cent of the holders of outstanding securities must join in the petition presented to the municipality in order to initiate the proceedings and to require the municipality to act. The section further provides that all those holders of bonds who do not join in the petition and who do not accept refunding securities in exchange for those held by them shall be paid the par value of the bonds held by them, with accrued interest thereon.

We agree with the Appellate Court that the constitutional questions sought to be raised by petitioners, who were appellees in that court, were highly technical and without merit. The difficulty with the position of petitioners is that they isolate only a part of section 86a and thereby distort its meaning. It is clear that under any reasonable construction of said section 86a the proceedings must be initiated by a petition signed by the holders of at least 75 per cent of the outstanding special assessment bonds which it is sought to have refunded. It then becomes the duty of the municipality to pass an ordinance in compliance with this section of the statute. The municipality is then required to file a petition in the court in which the original con-

firmation proceedings were had. That petition must state that the holders of all the outstanding bonds are either willing to accept new securities in exchange for their present holdings or, in the alternative, are willing to accept payment of the bonds held by them, at the par value thereof, with accrued interest. The statute itself requires that any holder of bonds unwilling to accept the new securities for his present holdings be paid the par value and accrued interest of the bonds held by him. The law fixes his rights. When the municipality files a petition stating that all of the bondholders will either accept the new securities or payment of their bonds at par and accrued interest, it has definite knowledge as to the number of holders of the outstanding bonds who have joined in the petition. It knows, of course, that these bondholders have agreed and are willing to accept the new securities in exchange for the bonds held by them. To further state in the petition to be filed by the municipality, in the alternative, that those who have not joined in the petition will accept payment of their bonds with accrued interest is simply stating what the statute requires as a matter of law. The construction of this section and the method of its operation is clearly set out in the opinions of this court in *Village of Downers Grove* v. *Harley,* 372 Ill. 586, and *Scribner* v. *Village of Downers Grove,* 372 id. 614, and need not be repeated here.

All bondholders are protected by the provision of the act which requires all outstanding bonds to be deposited either in the court or with some depository under an escrow agreement approved by the court, before any judgment confirming the refunding proceeding can be entered.

As to both of the constitutional questions sought to be raised by petitioners, they are not only without merit but they are purely academic. Petitioners are in no position to raise the first question, that the statute subordinates the lien of general taxes to the lien of extended special assess-

ments. Not only has this question been settled by the decision of this court in *Village of Bellwood* v. *Hunter, supra,* but nothing appears in the record to show that petitioners would, either as holders of special assessment bonds or as general taxpayers, be in any way affected by such subordination even if the statute be so construed, which it cannot be. Upon the record, therefore, they would have no interest in that question as they were not affected by it in that case.

As to the second question raised that the act is invalid because it requires the municipality to file a petition in which it shall state facts which it may not know to be true or knows to be false, petitioners are in no better position. It appears from the opinion of the Appellate Court that the petition filed with the village of Westchester was, in fact, signed by all of the holders of the outstanding special assessment bonds involved. The Appellate Court so found. In this situation the constitutional question sought to be raised is purely academic and does not in any way affect the rights of the petitioners in said proceedings. The petition filed in the circuit court alleged that all the holders of bonds joined in the petition presented to the village. This averment was admitted by the motion to dismiss. All the village officers had to do was to examine said petition from which it readily appeared that all of the bondholders had joined therein. They were then required to state that fact in the petition to be filed in court. This was a fact definitely within their knowledge. They were not interested in any situation which might arise in some other case in which all of the bondholders did not join in the petition.

It is elementary that courts will not pass upon the constitutionality of a statute unless its validity is necessarily involved and a decision of the question is material to the determination of the issues raised. *Sheridan-Brompton Corp.* v. *Daane,* 348 Ill. 306; *Ossey* v. *Retail Clerks' Union* 326 id. 405; *People* v. *Small,* 319 id. 437; *McEniry* v. *Tri-*

*City Railway Co.* 254 id. 99; *Illinois Central Railroad Co.*
v. *Chicago and Great Western Railway Co.* 246 id. 620;
*Village of Morgan Park* v. *Knopf,* 199 id. 444.

It appears from the petition and the record and opinion
of the Appellate Court that no constitutional questions were
raised by petitioners, either in the circuit court or in the
Appellate Court, which it was necessary for those courts to
decide or which were properly raised as issues in the case.
It further appears that the questions sought to be raised
were not material to the determination of any issue in the
case. The decision of the constitutional questions sought
to be raised either in the circuit court or in the Appellate
Court was not necessary to the determination of the case
in either of those courts. They were properly disregarded
by the Appellate Court.

For the reasons herein set forth the writ of *mandamus*
is denied.                                              *Writ denied.*