(Nos. 27090, 27091.—Causes transferred.)

GEORGE D. HARDIN, Appellee, *vs.* THE VILLAGE OF WESTCHESTER *et al.*, Appellants.—CHICAGO TITLE AND TRUST COMPANY *et al.*, Appellees, *vs.* THE VILLAGE OF WESTCHESTER *et al.*, Appellants.

*Opinion filed September 24, 1943.*

GEORGE SASS, and BLUFORD, KRINSLEY, SCHULTZ & VOORHEIS, (RAYMOND HARKRIDER, of counsel,) for appellants.

McCULLOCH & McCULLOCH, (HUGH W. McCULLOCH, of counsel,) for appellee George D. Hardin.

MARKMAN, DONOVAN & SULLIVAN, and GEORGE S. FREUDENTHAL, JR., (HENRY O. NICKEL, for counsel,) for other appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

By agreement of parties these two appeals were consolidated by this court for argument and opinion. The cases differ in that No. 27091, wherein the Chicago Title and Trust Company is plaintiff as trustee, has been before this court before in *People ex rel. Village of Westchester* v. *O'Connor,* 378 Ill. 249, and has also been before the Appellate Court for the First District in 310 Ill. App. 498. No. 27090 has not been before this court before, but it involves similar questions of law, and involves similar parties in interest.

This is an appeal by the village of Westchester, its president, members of the board of trusteees, the clerk, the village collector and village treasurer, and by certain defendants who were permitted to intervene in these cases by order of the circuit court of Cook county. These parties were all defendants in the original actions.

On September 30, 1940, the Chicago Title and Trust Company, as trustee, and others filed their original petition for a peremptory writ of *mandamus* in the circuit court of Cook county. This petition was amended on December 16, 1940. The village and its officials filed a motion to dismiss the amended petition and on Decem-

ber 17, 1940, the circuit court entered an order sustaining the motion to dismiss. The petitioners appealed to the Appellate Court from this order and that court reversed the circuit court and remanded the cause for further proceedings. The village and its officials then filed an original petition for *mandamus* in this court to compel the justices of the Appellate Court to expunge the order denying the motion to transfer the cause to the Supreme Court on the ground constitutional questions were involved and also to expunge the order reversing the judgment of the circuit court and remanding the cause for further proceedings in that court. This court denied the writ and our decision is reported in *People ex rel. Village of Westchester* v. *O'Connor*, 378 Ill. 249.

On July 25, 1941, the cause was redocketed in the circuit court of Cook county and said cause was continued until January 30, 1942, for the filing of the answers by the village and its officials. Subsequently, an amended joint and several answer was filed on March 13, 1942. Motion to strike certain portions of this answer was filed by the petitioners, and thereafter the village and its officials made application to the court to have the People of the State of Illinois, the county of Cook, the town of Proviso, and certain other taxing districts, made parties to the cause. The petitioners objected to this application and the court, on June 10, 1942, entered an order denying the request that the other taxing districts be made parties. On the same date the petition of Dr. Robert E. MacBoyle was filed by leave of court and the court on that day entered an order allowing him and others to be made additional parties defendant and permitted them to adopt the amended joint and several answer filed by the village and its officials.

The amended petition sets forth that the petitioners are the owners of all the outstanding special assessment bonds issued in anticipation of certain installments of said special assessments of the village of Westchester. It also ap-

pears that prior to the filing of such petition, plaintiffs made demand upon the board of trustees of the village to refund said bonds and to extend the unpaid assessments in accordance with the provisions of section 86a of the Local Improvement Act and that the village officials had refused to comply with said request.

The amended joint and several answer set up numerous grounds of defense and is divided into two parts. Paragraphs 1 to 15 of part 1 consist of admissions, denials, allegations of want of knowledge and generally charges that the demand for relief contained in the petition is not sustained by the allegations of said petition. Part 2 is divided into nine divisions. To enumerate the contents of part 2 in detail would unduly lengthen the opinion. Part 2 of the amended answer does contain certain constitutional objections which will be discussed later in this opinion. On October 5, 1942, the trial court entered an order overruling all constitutional and other objections raised by the amended answer of appellants, and striking paragraphs 16, 17 and 18 of part 1 and all of part 2 of the amended answer.

At the trial the *mandamus* petitioners established that they were the owners or holders of all the remaining outstanding securities payable out of the certain special assessments. On October 29, 1942, the trial court entered an order containing findings of fact and conclusions of law and ordering that the peremptory writ of *mandamus* issue, directed to the village and its officials and commanding them to proceed forthwith to extend and refund the special assessments in accordance with section 86a. Ill. Rev. Stat. 1941, chap. 24, pars. 84-86a.

Section 86a of the Local Improvement Act was originally passed in 1933 and was amended in 1935 and provides that the court having jurisdiction of the original assessment proceeding is authorized to extend the time of payment of assessments. The act provides that whenever it is desired to extend the time of payment of any assess-

ment, or of any of the installments thereof, and to issue refunding securities, the municipality shall, upon the petition of 75 per cent of the holders of any securities issued against any assessment or any installment or installments thereof, addressed to the municipality, adopt an ordinance directing and providing for the extension of the time of payment of said assessment or the installments thereof, which ordinance shall direct the filing of a petition in the court having jurisdiction of the original assessment and which ordinance shall also establish a date of issue for such refunding securities and provide for the mechanics of the refunding. When the petition is filed in the court, the court shall set the same for hearing and the clerk will give certain notice by publication of the filing of the petition, the number of the assessment and installments that are proposed to be extended and the number of installments in which it is proposed to divide the extended assessment.

The act further provides that a copy of this notice shall be posted in at least five public places in the neighborhood of the improvement. Thereafter, a hearing shall be held by the court and the act provides that the court may, "extend the time of payment of one or more installments of the assessment, change the number of installments in which the assessment is divided, and subject to the provisions of this section provide for the details of the issuance of the refunding securities, * * *."

It will thus be seen from a review of the statute that the actual propriety of refunding of said securities is a matter that the county court must determine. It will also be seen that the action requested by the petitioners in the case at bar is only that the defendants pass such an ordinance and proceed to file the necessary petition in the court for the refunding. It further appears that the order of the trial court in this proceeding merely compelled the village to adopt such an ordinance and to file such a petition. Any order made by the court with reference to the

*mandamus* petition does not in any way bind or compel the county court to actually order the refunding of the securities.

The appellants in their brief state that the appeal is taken directly to this court because "The validity of a statute or a construction of the constitution is involved, and this is a case relating to revenue, both general real estate taxes and special assessments, and in which the State is interested as a party or otherwise." It will thus be seen that the appellants contend that this court has jurisdiction, first, because of a constitutional question being involved, second, because the case involves the revenue, and thirdly, because the State is interested as a party or otherwise.

As mentioned heretofore, No. 27091 has been before the Appellate Court, First District, and this court before. When that case was before the Appellate Court, the present appellants were the appellees and they sought to have the cause transferred to this court for the reason that constitutional questions were involved. We have reviewed the files in this court and find that the present appellants, in their motion to transfer the cause from the Appellate Court to this court, stated, among other things, "That it is contended in this case that said Section is unconstitutional because it in effect subordinates the lien of general taxes to the lien of extended special assessments and also requires the municipality to file a petition in court in which it must state as a fact matters of which it has no knowledge or which it definitely knows not to be true." The Appellate Court denied this motion to transfer the cause and thereafter rendered an opinion wherein it reversed the circuit court of Cook county which had sustained the present appellants' motion to strike the petition for writ of *mandamus.*

Thereafter, the present appellants filed a petition for an original writ of *mandamus* in this court to compel the judges of the Appellate Court to expunge certain orders

of that court, namely the order denying the motion of the present appellants to transfer the cause to this court, the order of the Appellate Court taking the cause and the order of the Appellate Court reversing and remanding said cause.

Reference being made to the petition, we find that the present appellants there also raised the question of subordination of the lien of general taxes and delinquent installments of special assessments to the lien of special assessments which had been refunded and extended in accordance with section 86a. Upon reviewing the suggestions filed with said petition for writ of. *mandamus* and the briefs of the appellants herein, we find that a marked similarity exists in that the present appellants have, in this present appeal, reargued the same constitutional objections which were argued in the *mandamus* cause.

This court denied the petition for the writ of *mandamus* and our opinion is reported in *People ex rel. Village of Westchester* v. *O'Connor*, 378 Ill. 249. That opinion shows clearly that this court directly passed upon the chief constitutional objection which has been urged in this appeal, namely the subordination of the lien of general taxes to the lien of the extended special assessments. At page 254 we said, "Petitioners are in no position to raise the first question, that the statute subordinates the lien of general taxes to the lien of extended special assessments. Not only has this question been settled by the decision of this court in *Village of Bellwood* v. *Hunter, supra,* but nothing appears in the record to show that petitioners would, either as holders of special assessment bonds or as general tax payers, be in any way affected by such subordination even if the statute be so construed, which it cannot be."

In *Village of Bellwood* v. *Hunter & Co.* 375 Ill. 627, this court had before it an appeal from the decree of the county court of Cook county ordering an extension of the

time of unpaid assessments and a refunding of outstanding securities issued in anticipation of collection of a special assessment in accordance with the provisions of section 86a of the Local Improvement Act. It should be noted in that case there was a direct attack upon the validity of section 86a since the village had in that case passed an ordinance providing for the extension of time, and for the refunding, and had filed its petition with the county court. In that case Hunter & Co., who were the owners of the beneficial interest in real estate covered by the particular assessment refunded and extended, objected. Hunter & Co. also objected on the ground that it was the owner of bonds and interest coupons payable from special assessments for water, sanitary sewers, lights and storm sewers, levied against and payable from the same real estate, subject to the same special assessment that was extended and refunded.

In that case, Hunter & Co. contended that section 86a impaired the obligation of contract and deprived the bondholders of their property without due process of law. This court denied such contentions. Hunter & Co. also contended that the refunding and extending subordinated the lien of unextended special assessments and the court stated that the liens of general taxes and special assessments are on a parity and equal, with no preference or priority of anyone over the other.

It will thus be seen that the constitutional questions raised have been repeatedly passed upon by this court and are no longer debatable and an appeal cannot be taken to this court.

In the brief for appellants it is conceded that this court has heretofore considered nine constitutional objections to section 86a, all sustaining the constitutionality of the act. (*Hoehamer* v. *Village of Elmwood Park*, 361 Ill. 422; *Village of Downers Grove* v. *Harley*, 372 Ill. 586; *Village of Bellwood* v. *Hunter & Co.* 375 Ill. 627; *Peo-*

*ple ex rel. Village of Westchester* v. *O'Connor*, 378 Ill. 249.) They do claim, however, that the case at bar differs from previous cases decided by this court holding the act constitutional in that the decision of the trial court in this case does give special assessment security holders the right, notwithstanding the pendency of tax-foreclosure proceedings, to have their special assessments extended. They further contend that by this decision when said special assessments are extended they cannot be foreclosed in the pending tax-foreclosure proceedings and that the sale in said tax-foreclosure proceedings would have to be made subject to the liens of such special assessments as extended and that this results in a subordination of the liens of general real estate taxes and the lien of unextended special assessments to the lien of extended special assessments. Upon a review of the decisions of this court construing section 86a, we find that the court has not passed upon a case involving the exact set of facts as appear in this record, but we cannot agree with appellants' contention as to the effect of the circuit court order from which this appeal is taken. All that the order requires is that the village and its officials proceed to pass an ordinance and to file a petition with the court of original jurisdiction over said special assessment proceedings. The order from which this appeal is taken would not and cannot in any way bind or control the action of the county court when it considers the petition to be filed by the village.

This court cannot escape from considering the fact that at the time the original petition for *mandamus* was filed with the circuit court in this cause there was not at that time pending any tax-foreclosure proceedings. While much has been said in the briefs to the effect that the village by arrangement with the county authorities arranged for the filing of the tax-foreclosure proceedings, we have not considered that factor in arriving at our decision in

this case. This court cannot see any reason for denying the writ of *mandamus* merely because a tax-foreclosure proceeding has been instituted during the pendency of this suit, inasmuch as the only relief asked in the original petition was that the village pass the ordinance and file the petition for the refunding and the extension. By the circuit court's order ordering the village to pass such an ordinance and to file such a petition, it has not in any way passed upon the right of the bondholders to have the bonds refunded and the assessments extended. It has merely ordered the village and its authorities to do something which the law compelled them to do. This court can see that some questions will arise as to the propriety of refunding the bonds and extending the assessments, but that is a matter over which the village and its officials have nothing to say, since the act required them to perform certain acts upon being petitioned by 75 per cent of the bondholders. The village has, in this case, attempted to substitute its opinion for the opinion of the county court and has by this appeal endeavored to have this court prejudge the case for the county court and to take away from the county court its right to pass upon the refunding and the extension proceedings.

The other ground asserted for this court having jurisdiction is that the case relates to the revenue. However, it is our opinion that the revenue is only incidentally involved. Our decision cannot be binding upon the county court when it considers the petition of the village for the refunding and the extension of the bonds and the special assessments. As this court stated in *Reed* v. *Village of Chatsworth*, 201 Ill. 480, "Our view is that the question of revenue can only be at issue when some recognized authority of the State, or some of the municipalities authorized by law to assess or collect taxes, are attempting to proceed under the law and questions arise between them

and those of whom the taxes are demanded." In the case at bar there is no dispute existing between the village of Westchester and the property owners; and we have held that if the revenue is only incidentally involved, there is no ground upon which this court may take jurisdiction. To give this court jurisdiction of an appeal or writ of error because the revenue is involved, the case must relate to the revenue directly, and not merely incidentally or remotely. (*People* v. *Holten,* 298 Ill. 225; *People ex rel. Moffett* v. *Turnbull,* 256 Ill. 533; *People ex rel. Board of School Inspectors* v. *City Council of Peoria,* 229 Ill. 225.) Here the dispute is between the bondholders and the village and between the bondholders and the property owners.

It has also been urged that this court should take jurisdiction of this case for the reason that the State is interested as a party or otherwise. The State of Illinois has not intervened in said cause, but to the contrary has manifested a desire to stay away from this proceeding. This court cannot make the State of Illinois a party to this proceeding and the mere fact that the State should be a party would not be a sufficient ground for giving this court jurisdiction, since that would be a matter of procedure and would not be a matter which would give this court jurisdiction as such. While upon a review of the case in the Appellate Court, that court might find that the State of Illinois and other taxing units should be made parties defendant in this cause, that factor, alone, is not any ground for giving this court jurisdiction.

Since the record in this case as it now stands does not show that any debatable constitutional question exists, nor that any question of the revenue is directly involved, the causes will be transferred to the Appellate Court for the First District.

*Causes transferred.*