(Nos. 28316, 28317, 28372, 28373.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* FRED AHLQUIST *et al.*—THE VILLAGE OF WESTCHESTER *et al.*, Appellees, *vs.* LOEWENTHAL SECURITIES COMPANY *et al.*, Appellants.

*Opinion filed May 23, 1945—Rehearing denied September 13, 1945.*

MARKMAN, DONOVAN & SULLIVAN, (HENRY O. NICKEL, of counsel,) both of Chicago, for appellants.

WILLIAM J. TUOHY, State's Attorney, and KINNE, SCOVEL, ROBSON & MURPHY, (JULIA HAGERTY, JACOB SHAMBERG, FRANCIS S. CLAMITZ, and HAROLD F. SCOVEL, of counsel,) all of Chicago, for appellees the People and the Village of Westchester.

BLUFORD, KRINSLEY, SCHULTZ & VOORHEIS, (RAYMOND HARKRIDER, and VICTOR HEDBERG, of counsel,) and

CUMMINGS & WYMAN (AUSTIN L. WYMAN, and DANIEL P. NAGLE, of counsel,) all of Chicago, for certain other appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

By order of this court, separate appeals from three decrees of the circuit court of Cook county affecting the subject matter of this review were consolidated for review. They all relate to certain special assessments known in this record as Nos. 23 and 38. The decrees were in a tax foreclosure proceeding and ordered sale. The appeals are based on the contention that the court did not have jurisdiction to foreclose those special assessment liens.

The State's Attorney of Cook county on May 17, 1941, filed nine complaints to foreclose the general real-estate tax liens for the year 1928 and subsequent years, on certain property in the village of Westchester. The village was made a party and filed a general answer and counterclaim in each of the proceedings, seeking the foreclosure of the liens of twenty-six different special assessments. Appellants, owners of all the outstanding securities against Westchester special assessments Nos. 23 and 38 were made cross defendants. They filed answers to the amended counterclaims taking the same position as on these appeals.

On July 23, 1940, certain trustees and owners of all outstanding securities issued in anticipation of the collections on these special assessments, presented to the president and board of trustees of the village of Westchester, pursuant to section 86a of the Local Improvement Act, (Ill. Rev. Stat. 1939, chap. 24, par. 792a,) petitions for refunding and extending time of payment of the unpaid special assessments and interest thereon levied in assessments 23 and 38, and for the issuance of refunding securities. The petition stated that the owners were willing to deposit their securities with the clerk of the county court of Cook county or with some depositary under an escrow

agreement approved by that court. The president and board of trustees of the village refused to act in accord therewith and petitioner filed *mandamus* proceedings in the circuit court. A judgment awarding the writ was brought to this court and by it transferred to the Appellate Court, (*Hardin* v. *Village of Westchester,* 383 Ill. 624,) which court affirmed the order of the circuit court. (*Hardin* v. *Village of Westchester,* 321 Ill. App. 644.) On May 9, 1944, ordinances were passed by the board of trustees of the village and petitions for refund and extension were filed in the county court of Cook county. That court denied the petition to refund and extend special assessments.

At the hearing before the master in chancery in the foreclosure suit, which is this suit, a certified copy of the writ of *mandamus* was admitted in evidence subject to objection that it was not material to the controversy. The master refused to receive in evidence certified copies of the refunding ordinances, on the ground that they did not come within the scope of the order of reference and that there was nothing in the pleadings to support them. Motions before the master, to extend the time of closing the proofs to enable appellants to amend their pleadings so the master could consider the ordinances, were denied. The master overruled objections to his report and filed the same, recommending the entry of a decree foreclosing the general and special assessment tax liens as prayed in the complaint and countercomplaint. The chancellor overruled exceptions to the master's report and entered decrees for foreclosure. Later a report of sale was approved. Appeals on review here have been taken from those decrees.

Appellants contend the circuit court did not have jurisdiction to decree a foreclosure and order a sale of delinquent properties to satisfy liens of these special assessments after that court had acquired jurisdiction in the *mandamus* proceedings to compel the village to enact an

ordinance refunding and extending the time of payment of the special assessments.

Appellees have filed here a motion to dismiss these appeals on the ground that the entry of the order of the county court of Cook county, refusing to approve the ordinances to refund and extend the maturity of these special assessments and dismissing the refunding proceedings, has rendered harmless appellants' alleged errors of the trial court and has made these appeals moot. That motion was taken with the case.

Appellants' answer to the motion to dismiss the appeals is that appeals from the judgments of the county court denying the petitions for orders refunding and extending these special assessments are pending in this court, and there exist actual and real controversies that must be adjudicated to determine the rights of the respective parties; and until this court has rendered its opinion on such appeals, the questions before this court in the foreclosure appeals are undetermined and cannot be characterized as moot.

Since the decree for foreclosure was entered, the county court's order denying the petition to refund and extend the special assessments has been entered. The appeals from the judgment orders of the county court appear on the docket of this court as cases Nos. 28522, 28523 and 28524, consolidated for hearing. At this present term an opinion was filed and adopted affirming the judgments of the county court. (*Village of Westchester* v. *Holmes, ante*, p. 436.) The effect of that opinion is that special assessments numbers 23 and 38 were not and will not be refunded or extended, therefore the questions raised by appellants in these appeals have become moot. Appellees' motion to dismiss the appeals is allowed and the appeals dismissed.

*Appeals dismissed.*